## Ex parte NG BIN FONG.

District Court, W. D. Washington, N. D. June 10, 1927.

No. 11583.

Aliens ⬅️32(8)—Department may not disregard testimony that applicant is minor son of resident Chinese merchant, because father falsely testified in former hearing.

The department may not arbitrarily disregard the testimony of all witnesses that applicant for admission is minor son born in China of a resident Chinese merchant, on ground that alleged father falsely testified in former hearing as to method of travel from China to Canada.

Habeas Corpus. Application by Ng Bin Fong to secure a reversal of order denying right to enter the United States. Writ granted.

John J. Sullivan, of Seattle, Wash., for petitioner.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for respondent.

NETERER, District Judge. The application to enter as the minor son, born in China, of a resident Chinese merchant, was denied. A writ is prayed on the ground that a fair trial was not granted. The department concedes the merchant status, and that no material discrepancies in the testimony have developed, and that there is revealed "characteristic resemblances in the photographs of the alleged father and son."

The denial is predicated upon the fact that the alleged father falsely testified on his entry as to his entry into British Columbia, from which place he entered the United States, stating that he traveled steerage, giving the approximate time, and repeated the same statement in his first testimony. When advised that the Canadian immigration officials were unable to verify his statement, on further examination he stated that he had misstated the facts, and that he came to British Columbia as a stowaway. The department placed no credence in his testimony in this case as to the time he left China, and, being unable to check the time of his arrival in Canada from China, there was failure of proof as to the filial relation, since it is not shown that he was in China to make paternity possible.

The applicant testified as to the time the father left China, and also testified with relation to the residence in Canada, the time the alleged father came to the United States, and something with relation to his business. A Chinese witness was likewise produced, who was a roommate of the applicant in China at school for something like two years, and he testified as to letters received from the alleged father by the applicant, and that these letters were always addressed from father to son. This witness had read several of the letters and knew of the receipt of many, and that he understood—and the applicant likewise so testified—that the alleged father was paying the expenses of the applicant while attending school.

The testimony of all witnesses being positive with relation to the circumstances, environment, and conditions, and there being no discrepancies, and nothing to cast suspicion upon the testimony, the department may not arbitrarily disregard the testimony of all of the witnesses, in view of the fact that the alleged father falsely testified in a former hearing and on the first examination in this hearing as to the method of travel from China to Canada. Upon the record before the court, a fair trial is not shown.

The writ will issue.