UNITED STATES ex rel. LEONG DING v. BROUGH, U. S. Chinese Inspector.

Circuit Court of Appeals, Second Circuit.
December 5, 1927.

No. 90.

1. Aliens ⟨key⟩32(17)—Finding of immigration officers on question of fact is not reviewable, without abuse of discretion.

Finding of immigration officers on questions of fact must be regarded as conclusive, and is not subject to review by the court, unless it affirmatively appears that they have acted in some unlawful or improper way and abused their discretion.

2. Aliens ⟨key⟩32(8)—Evidence held not to sustain order dismissing writ of habeas corpus by Chinese person claiming admission as son of native-born citizen (8 USCA § 6).

Evidence held insufficient to sustain order dismissing writ of habeas corpus to secure release of Chinese person claiming a right of admission to the United States as a son of a native-born citizen, pursuant to Rev. St. § 1993 (8 USCA § 6).

Appeal from the District Court of the United States for the Southern District of New York.

Application for writ of habeas corpus by the United States, on the relation of Leong Ding, next friend of Leong Chueng How, against Alfred W. Brough, United States Chinese Inspector in charge at the port of New York, room 240, or any other person having charge, custody, or control of the body of the above-named relator. Order dismissing the writ, and relator appeals. Reversed, and writ sustained.

Writ of error to the District Court for the Southern District of New York. The relator applied for admission to the United States as the son of a citizen. After a hearing, the Board of Special Inquiry decided against his application, which decision was affirmed by the Secretary of Labor. A writ of habeas corpus was then sued out, and dismissed by the District Judge. This writ of error was then allowed. Order reversed.

William W. Brown, of New York City (James C. Thomas, of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Frank Chambers, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The applicant, 15 years of age, arrived at the port of New York from China and claimed the right of admission to the United States as the son of a native-born citizen. He was remanded to the Chinese inspector. An examination was conducted before the Board of Special Inquiry, and it decided that the appellant had failed to establish his right to admission as a son of a citizen. Section 1993, Rev. Stat. (8 USCA § 6). The Secretary of Labor affirmed this determination, and a writ of ha-

beas corpus, allowed by the District Court, was dismissed.

The appellant was examined most searchingly, separate and apart from all other witnesses called. His father and a witness who knew him and his family in China testified, and they were likewise separately examined in the absence of each other. The issue before the board, as here, is whether the applicant was the son of Leong Ding, conceded to be a native-born citizen of the United States. The unwillingness to accept the testimony of both the father and son is based upon instances of variation in the testimony as to (a) the date of birth; (b) the number of rooms in his mother's house in China; and (c) as to whether or not Leong Ding had a brother. Father and son disagreed as to the year in which the appellant was born; the father said 1911, and the son 1912. The father said that the appellant was born the year immediately following his return from a visit to his family in China. The appellant states his mother told him 1912. We are convinced that there was an honest mistake, either by the mother in telling the son this date, or the latter in repeating what his mother told him. We are committed to this belief because of the very satisfactory and consistent answers given by the appellant in an exhaustive inquiry involving many questions as to the village in which he was born, its environment, the streets and houses, and description of points in the village. Likewise he was interrogated sharply as to the description of the homestead in which he lived, the contents thereof, and the family history. The father's understanding of English and of the American calendar, together with his certainty as to the date, is more satisfactory than the boy's recollection of what his mother told him as to the date of his birth. The Immigration Department's record shows that the father, upon his return from China in 1910, when asked if he was a married man, testified that he was, and when asked whether or not he had any children, replied, "Not yet," implying the possibility or expectancy of a birth in his family. If the father's date be correct, the appellant was born a few months after the former's return to the United States in 1910. It further appears that, in 1922, the witness Leong Wing Kung testified, as appears from the government's records, that Leong Ding had a son 11 years of age living in the home village. When the father departed for China in 1917, he testified: "I have one son, Leong Chung How, six years old, born after I come back." No sound reason is advanced why this testimony should have been rejected.

The father testified that he had a brother, who died several years before he testified. In 1909, during a preinvestigation proceeding fixing his status as an American-born citizen before he left for China, he stated that he had a brother who had never been in China. At the appellant's hearing he was confronted with a statement made in 1909, to which he replied: "I never said that. * * * No; I never said anything like that." When recalled, and again questioned respecting whether he had any brothers or sisters who died, he said, "No;" and when asked why he stated in 1909 that he had a brother, he said, "It seems to me I never made such a statement." This inquiry did not bear upon the relationship of the son. While it might be of some value in estimating the credence to be given to the father as a witness, still, in view of the overwhelming evidence which requires belief of the claimed relationship of father and son, it may not be said arbitrarily that all this weighty evidence in appellant's favor is destroyed by so slight a contradiction. Ex parte Ng Bin Fong (D. C.) 20 F.(2d) 1014.

There is a variance between the testimony of the father and that of the son as to the number of rooms in the house in China; the father said three rooms, whereas the son stated that there were five. This, too, is a minor discrepancy. It is possible that the number of rooms in the home was increased during the father's absence.

[1, 2] The decision of the immigration officers is final, unless reversed on appeal by the Secretary of Labor. Unless it affirmatively appears that the executive officers have acted in some unlawful or improper way, and abused their discretion, their finding upon a question of fact must be regarded as conclusive, and is not subject to review by the court. United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369. In Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010, the Supreme Court pointed out that the acts of Congress gave great power to the Secretary of Labor over Chinese immigrants and persons of Chinese descent, and that the power was not to be administered arbitrarily or secretly, but fairly and openly, under the restraints of traditions and principles of free government applicable where the fundamental rights of men are involved, regardless of their religion or race, to constitute a fair hearing, which must be accorded. In Zakonaite v. Wolf, 226 U. S. 272, 33 S. Ct. 31, 57 L. Ed. 218, the rule was applied that, if it appeared that there was some evidence, and

sufficient to satisfy a reasonable man, that the Chinese person claiming the rights of American citizenship was not entitled thereto, he must be excluded. But here the evidence does not warrant a reasonable mind holding that the appellant was other than he represented. The result below does not satisfy the requirement of a fair hearing. There is no substantial evidence to support the conclusion below. Chin Gim Wing v. Johnson (C. C. A.) 13 F.(2d) 124; Johnson v. Damon (C. C. A.) 16 F.(2d) 65; Goon Hen Soo v. Johnson (C. C. A.) 13 F.(2d) 82. There was no substantial evidence of contradiction on any material point, which would justify rejecting the testimony which amply supports the claim of the appellant that he was the son of Leong Ding.

The order is reversed, and the writ sustained.