## UNITED STATES ex rel. NOON v. DAY, Commissioner of Immigration.

District Court, S. D. New York.

May 7, 1929.

M. Michael Edelstein, of New York City, for relator.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for respondent.

KNOX, District Judge.

Relator's writ will be sustained. When it is considered that the statements of Low Ging were based upon his recollection of his

home village as he knew it prior to 1896, and upon information and observation acquired on the occasion of two visits since paid to China, one in 1908–1909 and another in 1916–1917, there is little reason to be surprised that differences should be found to exist between his testimony as to existing facts, and that given by his son who has recently arrived here, when examined on the same subject matter. The town from which relator comes has a population of about 3,000, and within the years that have elapsed since Low Ging was there many changes would naturally take place. The oldest inhabitant of 1896, or indeed of 1917, has probably long since been gathered to his father's patriarchs, even as other distinguished persons, hold their pre-eminence but for a short time. Furthermore, persons in China, the same as elsewhere, sometimes change their places of residence. Hence it is not strange that relator's school teacher no longer lives but four doors distant from the old home of his parents. Again, a fish pond of yesteryear may have been drained, or become dry land with the passage of time. Then, too, men die in China, and sometimes they migrate to the Straits Settlement, and elsewhere, and this may account for some of the discrepancies which here seem to exist. Also, old-time neighborhoods lose their identities as time goes on, and a later generation knows them not. To understand all this one has only to recall his own experience with men, time, and events, and such experiences should teach us not to rely too strongly upon the static quality of anything. Indeed, the discrepancies which have been used to bring about the order excluding relator from admission to the country may, I think, be explained by the constantly changing order of life and events as they are everywhere experienced, and in my opinion the Board of Special Inquiry was at fault in failing to give proper thought to this consideration.

Upon the essential and intimate facts that may reasonably be supposed to be common property of relator and his father, they were in substantial agreement. Low Ging admittedly had a son who would be of the age of the relator. Another son, and the mother of the applicant, have previously come to the United States, and have been admitted. It is but natural that the relator should join the other members of his family here. The father has been a reputable merchant of Albany for many years. He testifies positively to the identity of the present applicant for admission. The mother of the boy does likewise. All of them give testimony as to numerous facts and circumstances that are in such agreement as to important particulars that it would be most difficult for reasonable persons to disagree as to its convincing quality. In view of all this, I feel the relator did not receive a hearing of the character which it was held in United States ex rel. Leong Ding v. Brough (C. C. A.) 22 F.(2d) 926, he was entitled to have, and that he should be admitted to the United States.