**UNITED STATES ex rel. NG KEE WONG v. DAY, Immigration Com'r, et al.**

District Court, S. D. New York.
July 7, 1929.

M. Michael Edelstein, of New York City, for relator.

Charles H. Tuttle, U. S. Atty., of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for respondents.

MACK, Circuit Judge.

Habeas corpus on behalf of Ng Ying Hoy, alleged son of Ng Kee Wong, a resident citizen, based on the contention that the findings by the Board of Special Inquiry and the Board of Review against the relation of father and son are without any support in the record.

 The alleged father and son both testified to the relationship in positive terms, and there is court record evidence that Ng Kee Wong was living in the village of Lung Hing when Ng Ying Hoy was born there in 1912. To test the veracity of the applicant and his alleged father, they were separately examined in minute detail as to the home in which Ng Ying Hoy grew up, his mother, brothers, sisters, and the relatives of his mother and father, the village of Lung Hing and its inhabitants, and Ng Kee Wong's trips to China. The answers of both were in accord with respect to the great preponderance of the questions asked during this unusually searching examination. Such proof of common knowledge of all things a father and son would be likely to know, in addition to the direct testimony, leave no reasonable doubt that the claimed paternity exists.

A twofold basis for the administrative finding is asserted. First, the Board of Special Inquiry relied upon fifteen asserted discrepancies between the testimony of the two witnesses. However, all except five of these were dismissed by the Board of Review, either because it did not appear that any discrepancy existed, or that they had not been sufficiently developed. Entirely agreeing as I do with the ruling of the Board of Review in respect to the ten discrepancies rejected by it, I am convinced that the five remaining ones are either subject to the same criticism or else altogether too unimportant to support the finding of nonpaternity in the face of the overwhelming evidence to the contrary. Disagreement concerning the exact hour and place where a boy said good-bye to his father five years before, or about facts relating to a granduncle who died ten years before the applicant's birth, or about the father's absentee ownership of a small parcel of land not within the village limits or tilled by the

family, do not serve to create a reasonable doubt as to the veracity of the witnesses; while the two or three other asserted discrepancies, all equally minor, appear to be due to misinterpretations of the questions asked. It suffices merely to mention the rule laid down in United States ex rel. Leong Ding v. Brough, 22 F.(2d) 926 (C. C. A. 2nd), and followed by Judge Knox in United States ex rel. Louie Noon v. Day (D. C.) 44 F.(2d) 239, decided May 7, 1929, as well as in several other recent cases in this district involving the exclusion by the board of Chinese sons of citizens, that a few easily explicable discrepancies on collateral points in the testimony of witnesses will not support a refusal by the immigration authorities to credit strong affirmative evidence of paternity.

The other ground urged by respondent is that the board could accept as conclusive a record in the department's files purporting to contain the testimony given by one Ng Poy Chew and one Ng You Lon in 1920 to the effect that Ng Kee Wong did not have any children. Ng You Lon, called as a witness for applicant in the present proceeding, testified that he had known the alleged father for many years and that the applicant was his son. Upon being asked why he had testified otherwise in 1920 when his own son was seeking admission, he denied that he had made the statement ascribed to him in the record, and further declared positively that if he had made it, he was mistaken at the time. If the 1920 record is given weight only as affecting the credibility of Ng You Lon's present testimony, then respondent's case fails for the reason that even discarding Ng You Lon's testimony, all the evidence remaining strongly tends to prove the claimed paternity. But respondent contends that the 1920 testimony may be accepted by the board as affirmative evidence. Certain language in Moy Said Ching v. Tillinghast, 21 F.(2d) 810 (C. C. A. 1st), lends support to the argument that records of prior testimony have affirmative force in immigration cases, despite the contrary rule of evidence normally prevalent. It is not necessary to decide whether this is the law of the Second circuit, especially in view of the fact that the expressions used in these two cases were not in strictness necessary to the decision and were enunciated solely upon the authority of Johnson v. Kock Shing, 3 F.(2d) 889 (C. C. A. 1st), a case readily distinguishable, in that there the prior testimony was reaffirmed at the time of the second hearing by the same witness. In any event, in those two cases the prior contradictory testimony had been given by the very person later claiming to be the father; a prior disclaimer of parenthood certainly stands on a different footing from the prior testimony of an ex-neighbor, long a resident in the United States, in the course of a proceeding to which the alleged father and son were not parties. Moreover, here the alleged maker of the 1920 statement strongly denies that he made it. Under these circumstances no reasonable doubt arises.

Writ sustained, and relator discharged.