**UNITED STATES ex rel. NG FON YUEN v. REIMER, Com'r of Immigration.**

District Court, S. D. New York.

Nov. 2, 1939.

Joseph K. Guerin, of New York City (Maurice R. Cheyette, of New York City, of counsel), for relator.

John T. Cahill, of New York City (J. Randall Creel, of New York City, of counsel), for respondent.

CONGER, District Judge.

The applicant and relator herein, Ng Fon Yuen, claims to be the son of Ng Tung You and his wife Yee Shee.

There is no question about the citizenship of the father, Ng Tung You: that is admitted. Nor is it denied that in 1931, Ng Tung You obtained a visa for Yee Shee and that thereafter she applied for admission to this country, and on June 22, 1931, was admitted as the wife of Ng Tung You.

It is further conceded by the respondent that Ng Tung You was in China at a time to make his paternity of the applicant possible.

It is also conceded by the respondent that upon the return of Ng Tung You in May, 1924, he claimed on entering that he had been married in China to Yee Shee and had a son by her, born on the date given by the applicant.

The applicant now seeks to enter this country as the son of Ng Tung You, an American citizen.

He has been denied admission by the Board of Special Inquiry, because it was not satisfied that Yee Shee is the wife of Ng Tung You, and therefore the relator is not the son of Ng Tung You. An appeal was taken to the Board of Review of the Immigration and Naturalization Service, which dismissed the appeal.

The relator claims to have been born on December 22, 1923, in Ng Village, China. In this he is corroborated as to all the pertinent facts by his alleged father and mother, and by a witness, Ng Wing Quong. There are few if any discrepancies in the stories. None were pointed out

by the Board of Special Inquiry. If true and correct, there can be no question as to the paternity of the relator.

It has been urged upon me, however, that these stories are prepared, and that the testimony is "coached testimony." This may very well be, although there is nothing in the record which sustains that contention, but there is evidence in the files of the Department of Labor commencing in the year 1923 which adds great weight to the claim of the applicant.

As has been held before by Judge Patterson in the case of United States ex rel. Lee Kim Toy v. Day, D.C., 45 F.2d 206, 207, in a similar case:

"It is conceivable that the story was fabricated out of whole cloth back in 1915 and has been reiterated ever since. It is also barely conceivable that the real Lee Shew Hong has died, or, if living, is not desired here by his father, and that this proceeding is an attempt to palm off a changeling as a son. But in my opinion neither of these hypotheses is at all reasonable.

"The convincing character of such antecedent evidence has been pointed out by the courts in cases of this type. Johnson v. Ng Ling Fong (C.C.A. [1 Cir.]) 17 F.2d 11, 12; United States ex rel. Leong Ding v. Brough (C.C.A. [2 Cir.]) 22 F.2d 926, 927. The Boards, in my opinion, did not give this proof the weight which it deserves. There is nothing in their findings to show that they gave it any consideration."

Except for the names of the applicant and the date (1915), this quotation might very appropriately and properly be applied to the instant controversy.

Ng Tung You testified that he, in February, 1923, left for China to get married. He arrived at his home village about two months later. That on May 15, 1923, he was married to Yee Shee in his home town in China. That he remained there until sometime in 1924, living with his wife, and that on December 22, 1923, their son, Ng Fon Yuen, was born; that his wife Yee Shee left the boy in China and came to this country, and was admitted at the Port of New York on June 22, 1931; that this is the son who is now applying for admission.

There is no direct contradiction by the respondent of this proof, only inferences of a condition of many years later. If this proof is true; if it is correct; if it is not a framed story then the relator is entitled to admission.

I realize that these cases present many difficult problems to the Immigration Authorities and that direct evidence of contradiction cannot be obtained in most cases. But in this case the most convincing proof of the truth of the story of the applicant, his father and mother as stated above, is found in the records of the labor Department. These files relate to Ng Tung You and Yee Shee, and are made a part of this record.

On January 10, 1923, before he left for China, Ng Tung You was asked this question by the Inspector: "Q. What is your purpose in going to China at this time? A. I want to go there to get married." And again in reference to correspondence with a relative in his home village, he then testified: "Q. What was the nature of your correspondence? A. He asked me to take a trip to China to get married."

He went to China and returned on May 23, 1924; on his return he claimed he was married (May 15, 1923), and that he had a son born on the date now given for the applicant's birth.

In June, 1931, Ng Tung You applied for a visa for his wife Yee Shee, so that she might be admitted to this country as his wife. At that time he testified before a Board of Special Inquiry again, that he had been married to Yee Shee, in Ng Village, May 15, 1923; that he stayed there for some time and that on December 22, 1923 there was born to them a son now (June 22, 1931) nine years of age.

Yee Shee also testified that she was the wife of Ng Tung You, and gave the details in this respect as had Ng Tung You, concerning their marriage and the birth of their son Ng Fon Yuen.

The Board of Special Inquiry after hearing their testimony and the testimony of a corroborating witness granted the application, and admitted Yee Shee to this country, as the wife of Ng Tung You.

While these records and these findings of the authorities may not be considered res adjudicata, yet they have great probative force. It is not within the bounds of reason that this testimony commencing back in 1923, and repeated at several intervals down to 1931 was made of whole cloth, and particularly with reference to the paternity of the applicant;

978

which testimony concededly was given at a time when this question was not involved in the issue, and was not material, necessary or relevant.

The Board of Special Inquiry seems to have based its opinion entirely on the statements of certain white witnesses taken this year in Brooklyn and Belleville, New Jersey. As far as the Brooklyn investigation is concerned it has no force and does not directly, or by inference contradict the claim of the applicant. The Belleville testimony, I regard as evidence of little or no value. It is not necessary to refer to it in detail, and it is not clear. It certainly is not legal evidence, and no great weight should be allotted to it. It certainly was not substantial evidence to contradict the claim of the applicant.

■ The real test is not what is the marital situation of Ng Tung You and Yee Shee now, but what was it on May 16, 1923, and what was it on December 22, 1923.

■ The findings that the relationship of parent and child was not established, cannot be maintained here with any fairness to the applicant. U. S. ex rel. Lee Kim Toy v. Day, D.C., 45 F.2d 206.

It seems to me that this case comes well under the rule laid down in U. S. ex rel. Leong Ding v. Brough, 2 Cir., 22 F.2d 926. There was no substantial evidence of contradiction on any material point which would justify rejecting the testimony which amply supports the claim of the relator.

The writ is sustained and the relator discharged. Settle order with notice.