## UNITED STATES EX REL. TISI, ALIAS CORTINA, *v.* TOD, COMMISSIONER OF IMMIGRATION AT THE PORT OF NEW YORK.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 132. Argued January 3, 1924.—Decided February 18, 1924.

1. In a proceeding to deport an alien for having in possession, for distribution, printed matter advocating the overthrow of the Government by force, knowledge on his part of the seditious character of the printed matter, though essential to the authority to deport, is not a jurisdictional fact. P. 133.

2. Mere error of the Secretary of Labor in finding a fact essential to
    deportation from evidence legally, but not manifestly, inadequate
    is not a denial of due process of law.   P. 133.
Affirmed.

APPEAL from an order of the District Court dismissing
a writ of *habeas corpus.*

*Mr. Walter Nelles,* with whom *Mr. Isaac Shorr* was on
the briefs, for appellant.

*Mr. Solicitor General Beck* and *Mr. George Ross Hull,*
Special Assistant to the Attorney General, appeared for
appellee.

MR. JUSTICE BRANDEIS delivered the opinion of the
Court.

Tisi, an alien, was arrested in deportation proceedings
as being within the United States in violation of law. The
ground specified was knowingly having in his possession
for the purpose of distribution printed matter which advo-
cated the overthrow of the Government of the United
States by force.   Act of October 16, 1918, c. 186, §§ 1 and
2, 40 Stat. 1012, as amended June 5, 1920, c. 251, 41 Stat.
1008.   The warrant of deportation issued after a hearing.
Then this petition for a writ of *habeas corpus* was brought
in the federal court, and heard upon the return and a
traverse thereto.   The order entered, without opinion,
dismissed the writ, remanded the relator to the custody
of the Commissioner of Immigration at the Port of New
York, and granted a stay, pending the appeal to this
Court.   The case is here under § 238 of the Judicial Code,
the claim being that Tisi was denied rights guaranteed by
the Federal Constitution.

Tisi's claim to be discharged on *habeas corpus* rests
wholly upon the contention that he has been denied due
process of law.   There was confessedly due notice of the
charge and ample opportunity to be heard.   What Tisi

urges is that there was no evidence to sustain the finding that he knew the seditious character of the printed matter. Such knowledge is not, like alienage, a jurisdictional fact. *Ng Fung Ho* v. *White,* 259 U. S. 276, 284; *United States ex rel. Bilokumsky* v. *Tod,* 263 U. S. 149. But it is an essential of the authority to deport. There is no suggestion that the Secretary of Labor failed to recognize this requirement. The contention is that he erred in deciding that there was substantial evidence of such knowledge and in allowing the supposed evidence to convince him of the fact. The printed matter found consisted of leaflets in the English language. Tisi testified that he cannot read English; that he did not know the character of the leaflets; and that his presence in the company of other Italians who were seen folding the leaflets was accidental. The Secretary of Labor was not obliged to believe this testimony. The Government did not introduce any direct evidence to the contrary. But there was much evidence of other facts from which Tisi's knowledge of the character of the leaflets might reasonably have been inferred. We do not discuss the evidence; because the correctness of the judgment of the lower court is not to be determined by enquiring whether the conclusion drawn by the Secretary of Labor from the evidence was correct or by deciding whether the evidence was such that, if introduced in a court of law, it would be held legally sufficient to prove the fact found.

The denial of a fair hearing is not established by proving merely that the decision was wrong. *Chin Yow* v. *United States,* 208 U. S. 8, 13. This is equally true whether the error consists in deciding wrongly that evidence introduced constituted legal evidence of the fact or in drawing a wrong inference from the evidence. The error of an administrative tribunal may, of course, be so flagrant as to convince a court that the hearing had was not a fair one. Compare *United States ex rel. Bilokumsky* v. *Tod,* 263 U. S. 149; *Kwock Jan Fat* v. *White,* 253 U. S. 454; *Zakonaite*

v. *Wolf*, 226 U. S. 272; *Tang Tun* v. *Edsell*, 223 U. S. 673. But here no hasty, arbitrary or unfair action on the part of any official, or any abuse of discretion is shown. There is no claim that the lack of legal evidence of knowledge was manifest; or that the finding was made in wilful disregard of the evidence to the contrary; or that settled rules of evidence were ignored. The procedure prescribed by the rules of the Department appears to have been followed in every respect; and the legality of that prescribed is not questioned. There is no suggestion that Tisi was not allowed to prepare for the hearing, by prior examination of the written evidence on which the warrant of arrest issued; or that he was otherwise restricted in his preparation of the defense. The hearing was conducted orally. Tisi was present and was represented by counsel. He testified fully; and the many witnesses produced by the Government were cross-examined by his counsel. He was given ample time in which to present the evidence, the argument, and a brief. Under these circumstances mere error, even if it consists in finding an essential fact without adequate supporting evidence, is not a denial of due process of law.

*Affirmed.*