## Ex parte MOURATIS.

District Court, N. D. California. S. D.
September 15, 1927.

No. 19360.

Habeas corpus ⬅️96—Order of deportation is not set aside on habeas corpus because strict rules of evidence were not followed where hearing was fair.

An order of deportation may not be set aside by the court in habeas corpus proceedings because based on reports of inspectors and affidavits of absent witnesses, where the alien was given opportunity of rebuttal, nor because the court may think the evidence insufficient if there was a fair hearing.

Habeas Corpus. On demurrer to petition of Nick Mouratis for writ of habeas corpus. Demurrer sustained and petition denied.

Henry Heidelberg, of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., and Richard M. Lyman, Jr., Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

KERRIGAN, District Judge. This is a petition for habeas corpus on behalf of Nick Mouratis, a male alien, aged 49, a native and citizen of Greece, who entered the United States at the port of New York in 1903. He was arrested in warrant proceedings by the immigration authorities under section 19 of the Act of February 5, 1917 (8 USCA § 155), and ordered deported upon the ground that he has been found connected with the management of a house of prostitution, and that he has been found assisting a prostitute. The matter comes before me on demurrer to the petition.

The evidence upon which the deportation order was based consists of the reports of immigration inspectors as to two visits to the premises occupied by petitioner prior to issuance of the warrant, together with statements secured by one inspector on the second visit from the petitioner, from a lodger, and from Jane O'Neil, the alleged prostitute. These statements were sworn to in the presence of the inspector. In addition there is testimony given by the inspector at the hearing. Petitioner was given opportunity to prepare for the hearing and to have counsel present. His evidence and that of a lodger, also arrested, against whom the charge has been dismissed, is in conflict with the evidence on behalf of the immigration service.

The petition is based upon the denial of a fair hearing, in that the evidence upon which the deportation was based was hearsay, and particularly that Jane O'Neil, whose statement was especially damaging to petitioner, was not produced in person.

In connection with the statement of Jane O'Neil, it appears that the inspector in charge of the hearing asked: "In reference to the statement of Jane O'Neil, do you wish to cross-question her?" The reply was: "No questions, but I object to the admission of the statement on the ground that it is incompetent, immaterial, and irrelevant, containing hearsay and conclusions and opinions of the witness."

Examination of the record in this case shows that there is evidence to sustain the finding of the board and that petitioner had a "fair hearing" as defined in the cases. As said in U. S. ex rel. Mandel v. Day (D. C.) 19 F.(2d) 520, 521:

"The court can go no further than to see if the alien had a fair hearing, if there was any abuse of discretion on the part of administration officials, and if there is any evidence to sustain the finding. The main question is: Was there any evidence upon which the finding was based? The mere fact that the court feels that the evidence is not sufficient for the finding would not lead to a reversal. 'There is no judicial power to review or reverse a finding of fact based upon evidence.' Low Wah v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165; Gegiow v. Uhl, 239 U. S. 3, 36 S. Ct. 2, 60 L. Ed. 114; U. S. ex rel. Brugnoli v. Tod (D. C.) 300 F. 913, at page 915."

The courts have held that a hearing is not unfair because of the admission of the reports of inspectors (Yip Wah v. Nagle [C. C. A.] 7 F.[2d] 426); nor because of the fact that the strict rules of evidence have not been followed (Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221); nor because the court may consider that the weight of the evidence points to a contrary decision (Tisi v. Tod, 264 U. S. 131, 44 S. Ct. 260, 68 L. Ed. 590); nor because affidavits of absent persons were introduced where petitioner was given ample opportunity to rebut the evidence therein contained (Yip Wah v. Nagle [C. C. A.] 7 F.[2d] 426; Ex parte Pouliot [D. C.] 196 F. 437). See, also, Ghiggeri v. Nagle (C. C. A.) 19 F.(2d) 875.

In view of these cases, I am constrained to hold that petitioner was not denied a fair hearing.

I cannot refrain, however, from commenting upon the fact that petitioner is suffering a very heavy penalty in being deported after 24 years of residence in this country on the

evidence of the arresting officer and of a prostitute. It appears doubtful whether such evidence would satisfy a jury. While administrative hearings must necessarily be somewhat summary, this should not, it seems to me, prevent the examining boards from adopting an impartial judicial attitude and weighing the evidence with a view to protecting the rights of the alien to the same extent that the courts endeavor to protect the rights of defendants who are tried before them. Too often their attitude appears to be that of the "hanging judges" of the seventeenth century.

Demurrer sustained. Petition denied.