## WONG HEUNG ex rel. WONG YUT DIN v. JOHNSON, U. S. Com'r of Immigration.

Circuit Court of Appeals, First Circuit.
October 18, 1927.

No. 2135.

**1. Aliens ⬤═32(9)—Hearing on application for admission of alleged foreign-born son of native-born Chinese citizen held fair.**

Hearing before immigration tribunals on application of alleged foreign-born Chinese citizen for admission to United States *held* fair, where discrepancies in testimony were brought to the attention of the applicant and his father on the first hearing and were not kept secret and then used as the main ground for the adverse decision.

**2. Aliens ⬤═32(8)—Determination of immigration tribunals that applicant did not make out claim of being son of citizen held warranted by evidence.**

Determination of immigration tribunals that applicant for admission to United States did not make out his claim of being foreign-born son of native-born Chinese citizen *held* warranted by the evidence.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Habeas corpus by Wong Heung, on the relation of Wong Yut Din, against John P. Johnson, Commissioner of Immigration. Decree for respondent, and petitioner appeals. Affirmed.

Joseph F. O'Connell, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This habeas corpus case presents the familiar question whether the applicant is the son of a native-born Chinese citizen. Wong Yut Din is a boy, now 14 years of age, who arrived at Boston May 3, 1925, and sought admission as the son of Wong Heung, 45 years old. The Board of Special Inquiry excluded him, June 19, 1923; and on appeal the Board of Review affirmed this decision. The gist of the case is shown in the following excerpt from the decision of the Board of Review:

"Applicant claims to be the son of one Wong Heung. This man's United States nativity has been established and conceded on many occasions. The alleged father, as well as a prior landed alleged brother, one Wong Yet Kwai, appear as witnesses. The alleged father departed on one trip to China in 1911

and returned on November 2, 1912. As it is claimed that applicant was born January 18, 1913, it will be seen that the alleged father was in China at a time to physically permit of his paternity to a person of applicant's claimed age. The first mention of the applicant was made in 1916, at which time the alleged father succeeded in bringing in two sons, one Wong Yut Foo and one Wong Yut Nan. In 1916 both these two alleged brothers, as well as the alleged father, properly named this applicant, giving his correct age. In 1919 the alleged father succeeded in bringing in another alleged son, Wong Yut Kwai, who appeared as a witness in this case. At that time the applicant was again mentioned.

"The alleged father has one brother, one Wong Yut, or Yick. In 1917 this brother, who is an uncle of the applicant, succeeded in securing the admission of two of his sons, one Wong Bing Ken and one Wong Bing Jong. A peculiar situation arose at that time, in that the father of those applicants as well as the applicants themselves positively testified that their uncle and brother, respectively, had but three sons, the names and ages given at that time corresponding to those of the three alleged sons who were admitted. In 1917 the alleged father of this applicant appeared as a witness in behalf of his alleged nephews and insisted that he had four sons, thus contradicting his nephews. The alleged nephews seemed quite positive in their testimony, even giving the name and age of this alleged father's youngest son, which corresponded to those of his present claimed third son.

"This conflicting testimony is made quite material by the fact that all the records in the case of these various alleged relatives show that they came from the same little village which consists of but twenty houses, and that the homes of these two alleged brothers, the fathers of the two sets of cousins, are located practically side by side."

[1] Other minor discrepancies are referred to, but not apparently given controlling weight. After appeal to the Secretary of Labor, the case was reopened to receive the evidence of Wong Yut Nan, twenty-three years old, an alleged brother of the applicant. On reconsideration, the former decision was affirmed, April 6, 1926, on essentially the same grounds, of which the chief was the evidence given in 1917 by the alleged uncle and two alleged cousins, to the effect that applicant's father had no such son as the applicant. This contradictory evidence was brought to the attention of the applicant and his father at the first hearing in June, 1925, before the

Board of Special Inquiry. It was not kept secret and then used as the main ground for the adverse decision. Cf. Lewis v. Johnson (C. C. A.) 16 F.(2d) 180. There was nothing unfair in the procedure. The immigration tribunals gave every reasonable opportunity to the applicant to offer evidence to convince them of his relationship to his alleged father.

[2] While the evidence from the alleged father and his sons previously admitted is highly persuasive, we cannot, on such a record, say that the immigration authorities had no evidence to warrant their conclusion that the relationship was not made out. The case therefore falls under the well-settled rules. The court below was right that on habeas corpus there was no jurisdiction; the decision below must be affirmed. Johnson v. Damon (C. C. A.) 16 F.(2d) 65, and cases cited.

The decree of the District Court is affirmed.