MASON ex rel. LEE WING YOU v. TIL-
LINGHAST, Commissioner of Immigration.

Circuit Court of Appeals, First Circuit.
July 30, 1928.

No. 2220.

1. Aliens ⊚⟐32(13)—Where substantial evi-
dence supports conclusion of immigation offi-
cials excluding alien, court must affirm deci-
sion on habeas corpus.

Where there is any substantial evidence
supporting conclusion of immigration officials ex-
cluding alien, court must affirm decision on ha-
beas corpus.

2. Aliens ⊚⟐32(6)—Immigration tribunals,
though not bound by rules of evidence, are
bound by rules of reason and logic.

Immigration tribunals, though not bound by
rules of evidence applicable in jury trial, are
bound by rules of reason and logic.

3. Aliens ⊚⟐32(9)—Immigration officials, in ex-
cluding Chinese person seeking admission as
foreign-born son of native-born American cit-
izen, on ground relationship was not estab-
lished, held to have acted arbitrarily (8 USCA
§ 6).

Immigration officials, in excluding Chinese
person seeking admission to United States as
foreign-born son of native-born American citi-
zen, under Rev. St. § 1993 (8 USCA § 6), on
ground that relationship was not reasonably
established, held to have acted arbitrarily and
unfairly in reaching decision, where only a few
discrepancies of collateral and inconsequential
nature were relied on for conclusion that rela-
tionship was not established.

Johnson, Circuit Judge, dissenting.

Appeal from the District Court of the
United States for the District of Massachu-
setts; James Arnold Lowell, Judge.

Petition for a writ of habeas corpus by
Anne Mason, on the relation of Lee Wing
You, seeking the release of Lee Wing You
from the custody of Anna C. M. Tillinghast,
Commissioner of Immigration, by whom he
was held for deportation. From an order dis-
missing the petition, petitioner appeals. Re-
versed and remanded.

E. F. Damon and W. B. Farr, for appel-
lant.

Frederick H. Tarr, U. S. Atty., and John
W. Schenck, Asst. U. S. Atty., for appellee.

Before BINGHAM, JOHNSON, and
ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. In Sep-
tember, 1927, Lee Wing You sought admis-
sion to the United States as the foreign-born
son of Lee Lin Chong, a native-born Ameri-
can citizen. R. S. § 1993 (8 USCA § 6).
The immigration officials excluded him, on the
ground that this relationship had not been
reasonably established.

[1] On habeas corpus, the court below, with-
out hearing new evidence, affirmed this de-
cision, thus, in effect, ruling that there was
no jurisdiction. If there was any substantial
evidence to support the conclusion of the
immigration officials, the ruling was right.
Fong Tan Jew v. Tillinghast (C. C. A.) 24
F.(2d) 632, and cases cited; Johnson v. Ng
Ling Fong (C. C. A.) 17 F.(2d) 11, 12.

The evidence consists of the testimony of
three witnesses—the alleged father, his son,
19 years old, Lee Bok Wah, admitted as such
in 1922, and the applicant, 15 years old.
The father was born in California, and has
made four trips to China. The three wit-
nesses are in full agreement as to the impor-
tant facts—that the family consists of the
father and the mother, Wong She, and three
sons, the youngest 4 years old, still at home in
China with his mother. There is also pretty
general agreement among the three as to the
relatives, living and dead, of the layout of the
village of 23 or 24 houses, and the names and
marriage status, etc., of the occupants of
the various houses.

The cross-examination took the wide
scope described by Judge Rudkin in Go Lun
v. Nagle (C. C. A.) 22 F.(2d) 246, 247, and
by Judge Bingham in Johnson v. Ng Ling
Fong (C. C. A.) 17 F.(2d) 11, 12. It was
not directed to matters bearing even indirect-
ly on the relationship in question; the en-
deavor was to find discrepancies among the
witnesses as to the rows of houses, the oc-
cupants thereof, the monument or marker
over grandparents' graves, etc.

[2] So proceeding, the immigration tribunals
succeeded in developing some very slight dis-
crepancies on matters purely collateral, on
which they ground their finding that the re-
lationship is not reasonably established. But
this euphemistic phrase must not be allowed
to disguise the real situation. There is here
no room for honest error. The family exists
as the three witnesses describe it, unless the
record as a whole furnishes some basis upon
which reasonable, truth-seeking minds can
ground a conclusion of fraud and perjury on
the part of all three witnesses. There is no
conflicting evidence, direct or indirect, on the
question of relationship. As noted above, the
three witnesses were in absolute agreement
on the vital issue of relationship and as to
who the family are. We assume that these
tribunals are not bound by the rules of evi-
dence applicable in a jury trial. But they
are bound by the rules of reason and logic—
by what is commonly referred to as common
sense. Compare Commonwealth v. Jeffries,
7 Allen (Mass.) 548, 563, 83 Am. Dec. 712;

State v. Lapage, 57 N. H. 288, 24 Am. Rep. 69; 1 Wigmore, Evidence, §§ 12, 13, 34.

We agree fully with Judge Rudkin's observation in Go Lun v. Nagle, supra:

"We may say at the outstart that discrepancies in testimony, even as to collateral and immaterial matters, may be such as to raise a doubt as to the credibility of the witnesses and warrant exclusion; but this cannot be said of every discrepancy that may arise. We do not all observe the same things, or recall them in the same way, and an American citizen cannot be excluded, or denied the right of entry, because of immaterial and unimportant discrepancies in testimony covering a multitude of subjects."

When Congress vested in these administrative tribunals the power of determining family relationship and citizenship, it freed them from the technical methods of proof that courts have, but not from the obligation of seeking the truth with open and reasoning minds.

[3] Careful study of the record and of the statements by the immigration tribunals of the grounds for their conclusions leads us to believe that there was no substantial evidence on which to base an exclusion order. There were only a few discrepancies, of a collateral and inconsequential nature, that were relied upon for the conclusion that the relationship was not established. The chief discrepancy is as to the birth date of the applicant, now testified by all three witnesses to be C. R. 2—8—25 (September 25, 1913). To the same birth date of this alleged son the father testified in San Francisco in 1914. But when, in 1922, the oldest son, Lee Bok Wah, was admitted at New York, the file (which is not a part of the record before us) is stated as showing that this applicant was born in C. R. 3—8—25. The immigration tribunals reject the father's claim of error in recording the date, and rely on this record discrepancy as one of the chief grounds for holding the relationship not established. Plainly, when the father returned from China in 1914, the year after the applicant's birth, he would then have the date of the birth accurately in mind. And it is also of much significance that in 1914 and 1922 the father stated that he had such a son. It is hardly conceivable that the father had at these times laid his plans to bring in an outsider as his son, and made a false announcement of paternity as a first step in his intended fraud.

But besides, the discrepancy of one year in the applicant's age—even if really originating with the witnesses, and not with the stenographer or the typewriter—has not the slightest tendency to discredit the claim that the applicant is the son of Lee Ling Chong and the brother of Lee Bok Wah. Indeed, if the witnesses had been seeking to commit perjury, they would have been careful to check up on all such matters as dates. Lack of agreement on minor matters, resting on variant observation and accuracy of memory, is common, and, standing alone, would not as a rule justify an exclusion order.

After reading and re-reading of the record in this case, we think that the immigration authorities acted arbitrarily and unfairly in reaching their decision. There is nothing in the record which would warrant a finding that this American citizen did not have a wife and three sons, as he and the two sons testify.

The case falls under the principle laid down in Tisi v. Tod, 264 U. S. 131, 44 S. Ct. 260, 68 L. Ed. 590. "The error of an administrative tribunal may, of course, be so flagrant as to convince a court that the hearing had was not a fair one." It is, in effect, ruled by our decisions in Fong Tan Jew v. Tillinghast (C. C. A.) 24 F.(2d) 632; Johnson v. Ng Ling Fong (C. C. A.) 17 F.(2d) 11, 12; Johnson v. Damon (C. C. A.) 16 F.(2d) 65; Chan Sing v. Nagle (C. C. A.) 22 F.(2d) 673, 674. Cf. Kwock Jan Fat v. White, 253 U. S. 454, 464, 40 S. Ct. 566, 64 L. Ed. 1010; Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369; Go Lun v. Nagle (C. C. A.) 22 F.(2d) 246; United States ex rel. Leong Ding v. Brough (C. C. A.) 22 F.(2d) 926; Whitfield v. Hanges (C. C. A.) 222 F. 745; In re Chung Thet Poy (D. C.) 13 F.(2d) 262.

The decision must be reversed, and the case stand for trial on the merits in the court below. There, if the government has a case of fraud and perjury, it will have full opportunity to show it.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

JOHNSON, Circuit Judge, dissents.