**UNITED STATES ex rel. GONG SIK HO v. CORSI, Commissioner of Immigration, et al.**

**No. 235.**

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1933.

George Z. Medalie, U. S. Atty., of New York City (Ira Koenig, Asst. U. S. Atty., of New York City, of counsel), for respondent-appellant.

Giden & Giden, of New York City (A. Arthur Giden, of New York City, of counsel), for relator-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The relator Gong Sik Ho, a Chinese boy of the age of 16 years, sought admission to the United States as the son of Gong Suey Ping, a native-born citizen. He was excluded on the ground that there were discrepancies in the testimony submitted which threw doubt on his identity. The nativity and citizenship of Gong Suey Ping (the putative father) are not questioned. Upon a writ of habeas corpus the District Judge found the discrepancies trivial and accordingly sustained the writ and held the relator entitled to be admitted to the United States as a citizen.

There is no doubt that the greater part of the testimony of the relator and of his younger 12 year old alleged brother Gong Sik Wah, who had been previously admitted to the United States, as well as of the identifying witness Li Moak, was completely harmonious. But there were three discrepancies relied on by the government, the first of which at least seems to us very serious.

The first relates to a scar on the relator's right cheek and other scars on his neck. He testified that he had had these scars as long as he could remember. They are shown in his photograph and were described at the hearing as "two large irregular scars immediately behind right ear; * * * diamond-shaped scar one inch by one-half inch on right jaw below the temple." Such things upon the person of any one are noticeable to those who have lived with him or have known him well. The alleged younger brother, Gong Sik Wah, who had lived with the relator until October, 1930, swore that he had no visible scars and Li Moak who had seen him quite a number of times in his house in China testified that he had never noticed any scars on Gong Sik Ho. It is difficult to suppose that these witnesses would not have remembered the scars if the relator was really the son of Gong Suey Ping whom they were attempting to describe.

The next discrepancy relates to the attendance at school of an alleged sister. The relator testified that this sister in China never attended school but that he and his brothers did. The previously admitted younger brother testified that she attended school with

786

him and her brothers and was in the same class with them.

The final, though a minor discrepancy, is found between the testimony of the relator and that of his witnesses as to a visit of the younger brother and his mother to Li Moak. The younger brother, when seeking admission, testified that he had never gone with his mother to the house of Li Moak, his godfather. Li Moak testified to the same effect upon the younger brother's proceeding for admission. In the present proceeding Li Moak likewise testified that the relator never came to his house with his mother. But the relator himself testified that he remembered an occasion when his younger brother went to Li Moak's house with his mother.

■ On previous appeals we have held that the exclusion of a Chinaman cannot be justified merely because there are trivial and slight discrepancies in his proof and that an entirely unreasonable deduction from the evidence as a whole will demonstrate that the hearing was unfair. United States ex rel. Leong Ding v. Brough (C. C. A.) 22 F.(2d) 926; Fong Lung Sing v. Day (C. C. A.) 37 F.(2d) 36. See, also, Johnson v. Damon (C. C. A.) 16 F.(2d) 65; Goon Hen Soo v. Johnson (C. C. A.) 13 F.(2d) 82. This is in accord with the rule laid down by the Supreme Court. Zakonaite v. Wolf, 226 U. S. 272, 33 S. Ct. 31, 57 L. Ed. 218. It must be remembered that our review is limited to the substantial fairness of the proceedings. Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369; Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010; Zakonaite v. Wolf, 226 U. S. 272, 33 S. Ct. 31, 57 L. Ed. 218; Geigiow v. Uhl, 239 U. S. 3, 36 S. Ct. 2, 60 L. Ed. 114; Tisi v. Tod, 264 U. S. 131, 44 S. Ct. 260, 68 L. Ed. 590. We may not review the weight of the evidence.

■ In spite of the fact that the younger brother of the applicant was only 12 years old, we cannot say that his failure to remember any scars on the head of the applicant with whom he had been brought up did not throw substantial doubt on his relationship. The failure of Li Moak to recollect any scars, though they are manifest, adds to our doubt. The less important discrepancy about the applicant's sister going to school and the rather trifling one about the visit of Gong Sik Wah with his mother to the house of Li Moak have cumulative weight. We think the Department was justified in holding that such discrepancies, taken together, were enough to throw doubt on the relator's identity. We accordingly hold that the relator was afforded a fair hearing and that the order of exclusion should be affirmed.

The order sustaining the writ of habeas corpus is reversed, with directions to dismiss the writ.