**FLYNN ex rel. DEA TON v. WARD, Com'r of Immigration.**

**No. 3088.**

Circuit Court of Appeals, First Circuit.

March 5, 1936.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

Frank W. Tomasello, Asst. U. S. Atty., of Boston, Mass. (Francis J. W. Ford, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from an order of the United States District Court of Massachusetts dismissing a petition for a writ of habeas corpus.

The writ was sought to secure the release of the relator from the custody of the immigration authorities by whom he is held for deportation to China, his application for admission to this country having been denied by the immigration authorities and the Secretary of Labor.

The assignments of error are:

(1) That the District Court erred in denying the petition for the writ.

(2) That the District Court erred in ruling and adjudging in effect that the action of the immigration authorities in denying the admission of Dea Ton to the United States was not arbitrary and unfair.

The law in such cases is well settled. The Immigration Inspector and Board of Special Inquiry and Board of Review created under the Immigration Act in passing on these cases are administrative officials, not courts. Their findings of fact are final and binding on the courts, if supported by any substantial evidence. The courts have before them in these proceedings only questions of law. If a fair hearing is granted the applicant and there is substantial evidence in support of the findings of the Inspector and the Board of Special Inquiry and of the Secretary of Labor, no issue of law is raised before the court. Ngai Kwan Ying v. Nagle (C.C.A.) 62 F.(2d) 166.

The Immigration Inspector in the first instance and the Special Board of Inquiry have an opportunity to see the witnesses and have before them statements made by them at other times; they have long familiarity with the various subterfuges by which Chinese immigrants seek to gain admission in this country as sons of acknowledged citizens.

The alleged father of the applicant, Dea Chung Wing, is an acknowledged citizen of this country. He has made a number of trips back to China over a period of fifty years, and has made statements as to his marriage, family, and place of residence on pre-investigations before departures and on his returns. He now claims to have been married in 1891 or in 1892, and is the father of eight sons. One applicant was admitted as his son in 1909. A second applicant, Dea Bow, applied in 1911 and was denied admission. In 1923 the alleged father returned from China accompanied by four of his alleged sons, including the present applicant, who applied for admission at San Francisco, all of whom were denied admission and were deported. Dea Hong et al. v. Nagle (C.C.A.) 300 F. 727.

The present applicant again came to this country, this time by way of Vancouver, and entered at Boston and applied for admission at that port.

There can be no question but that the applicant was granted a full and fair hearing by the immigration authorities in that they received all the evidence he offered and he was notified of his rights of appeal to the Board of Inquiry and the Secretary of Labor, and his right to have a friend or relative present; and he and his witnesses stated that they understood all the questions asked them through the interpreter.

As to whether there was substantial evidence from which the Inspector and the Board could find that the applicant had not satisfied them that he was the son of the alleged father, it is not a question of what this court, or the District Court, would have found from the evidence, Flynn ex rel. Lum Hand v. Tillinghast (C.C.A.) 62 F.(2d) 308, or when measured by the rules governing courts of law, whether the decisions of the immigration boards were wrong. If there was any supporting evidence for the conclusion of the Board of

Special Inquiry and the Board of Review, it must stand. Louie Lung Gooey v. Nagle (C.C.A.) 49 F.(2d) 1016, 1017.

There were numerous discrepancies in the testimony of the father and of the other alleged sons. The father testified in 1900 to an inquiry as to who was living in his house besides his mother in 1895, when another relative visited them in China, and answered, "No one else," from which the immigration authorities held that the inference was that he was not married at that time. When inquired of in these proceedings as to the date of his marriage, he gave four different dates in the years 1891 and 1892. In 1903 he testified that he was married March 8, 1892; in 1909, on November 11, 1891; in 1912, on February 10, 1892; and in 1913, on February 29, 1892. He and the applicant or his brothers did not agree as to the house in which he lived in the village of Ai Gong, or the number of houses on the street or alley on which his house was located. The alleged father testified in 1909 in the case of the application of an alleged son, Dea Lee, that his house was in Ai Gong village and was the third house on the third alley. In 1900 he placed his house as the second house in the fifth alley. At the time of the application of the four alleged sons in 1923, Dea Ton testified that there were five houses and six vacant lots in his row in Ai Gong village, while Dea Chuck in 1923, one of the applicants at that time and an alleged brother of the applicant, testified there were six houses and four vacant lots, although the father testified that he had lived in only one house in the village of Ai Gong.

In fact, the credulity of the members of the Boards may have been considered strained by the father's testimony that his four sons, Dea Bow, Dea Fong, Dea Hong, and Dea Chuck, were kept in school, without working, though married and having families, until they were respectively thirty, twenty-eight, twenty-six, and twenty-five years of age, the father testifying that he was supporting them and their families and paying their tuition of $20 at school, although the applicant stated their tuition was $40.

There were many other discrepancies in the statements of the sons and father made at different times, which, taken together, may well have had weight in the minds of the members of the Board of Special Inquiry and the Board of Review in arriving at their conclusions; and from all the evidence in the case and the fact that four of the brothers, including the applicant, were excluded by the immigration authorities at the port of San Francisco in 1923, and the order of deportation was sustained on petition for habeas corpus by the District Court for the Northern District of California, and the Circuit Court of Appeals for the Ninth Circuit makes it clear that there was no error of law in the District Court denying the writ in this instance, notwithstanding that many of the discrepancies may be attributed to faulty recollection or misunderstanding of the questions as put through an interpreter. No real effort, however, was made to explain the discrepancies, except to adhere to the statements of the witness and to say that he did not know why another witness had stated the contrary. In every instance, when asked if he understood the questions put to him, the witness replied that he did.

The members of the several Boards, some of whom had an opportunity to hear the witnesses, were not satisfied with the proof of relationship of the applicant and the alleged father. We think, under the law laid down in the decisions, the writ was properly denied by the District Court. Dea Hong et al. v. Nagle, Commissioner, supra; U. S. ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590; Chin Yow v. United States, 208 U.S. 8, 13, 28 S.Ct. 201, 52 L.Ed. 369; Low Wah Suey v. Backus, 225 U.S. 460, 32 S.Ct. 734, 56 L.Ed. 1165; Whitty v. Weedin (C.C.A.) 68 F.(2d) 127, 130; Hansen v. Haff (C.C.A.) 65 F.(2d) 94; Flynn ex rel. Woo Suey Hong v. Tillinghast (C.C.A.) 69 F.(2d) 93; United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560.

The order of the District Court is affirmed.