UNITED STATES ex rel. YEE KWONG SEUNG v. DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.

District Court, S. D. New York.

Oct. 13, 1938.

James C. Thomas, of New York City, for relator.

Lamar Hardy, U. S. Atty., of New York City (Myles J. Lane, of New York City, of counsel), for defendant.

COXE, District Judge.

This writ challenges an excluding decision denying admission to Yee Gwock Ming, a Chinese boy of fifteen, who claims to be a son of Yee Kwong Seung, a native United States citizen. The Board of Special Inquiry held that the relationship had not been reasonably established, and its decision was, on appeal, affirmed by the Board of Review.

The citizenship of the alleged father was conceded; it was also conceded that the alleged father could have been in China at a time to make possible his paternity to the applicant. The Board discovered, however, a serious discrepancy in testimony given by the alleged father in 1913, in proceedings relating to the admission of one Chin Hong Leung, which, it was thought, discredited the entire claim of the applicant. It was mainly on the basis of this discrepancy that the excluding decision was made.

The alleged father was born at Denver, Colo., and is now 64 years of age. He has made four trips to China; the first when he was twelve years old, returning in 1903; the second in 1908, returning in 1909; the third from 1921 to 1923; and on his last trip he left in 1927 and came back in 1929.

Throughout the present proceedings, the alleged father testified that he had seven sons, all living, and that he had never had any other sons or any daughters. He gave the names and birth dates of these seven sons as follows: Yee Lung Hee, Feb'y. 24, 1898; Yee Lung Jung, March 2, 1900; Yee Lung Kwong, May 15, 1902; Yee Gok Kwong, Nov. 4, 1909; Yee Gwock Ming (the present applicant), March 7, 1923; Yee Fee Hung, Aug. 27, 1928; Yee Fee Fat, Feb. 19, 1929. He also said that the first five of the sons were by his first wife, Dong Shee, who died on May 10, 1927, and the last two by his second wife, Hue Shee, whom he married on June 13, 1927.

The first four sons were admitted, as sons of a native born citizen, at different times between 1921 and 1926, and two of them testified in this proceeding on behalf of the applicant. It was conceded by the Board of Special Inquiry that the testimony of the applicant was "in good agreement" with that of his supporting witnesses; and no important discrepancies were developed in the records of the proceedings relating to the admission of the four prior landed sons.

In the present proceeding the Board of Special Inquiry had before it the recently discovered testimony of the alleged father given in 1913, which apparently had been completely overlooked when the cases of the four prior landed sons were under consideration. This testimony was given by the alleged father at New York on Jan. 28, 1913, as an identifying witness for Chin Hong Leung, who was then seeking admission as a minor son of a Chinese merchant doing business in New York. The inquiry of the alleged father was there directed primarily towards ascertaining the extent of his acquaintance with Chin Hong Leung, but at the end of the examination the alleged father was asked the following questions, and gave the following answers:

"Q. What is your wife's name? A. Dong Shee.

"Q. What is her native village? A. No Mar. * * *

"Q. Have you any children? A. One boy and a girl.

"Q. What are their names? A. Boy, Quok Quong, born after I returned; daughter, Poon Bo, 18.

"Q. Are those the only children you ever had? A. Yes.

"Q. Did you ever have any adopted children? A. No."

When asked in the present proceeding whether he recalled having testified on behalf of Chin Hong Leung in 1913, the alleged father said, "I do not recall the occasion". He was then confronted with the record of his testimony at that time and asked what he had to say. His reply was, "I never made those statements".

The Board had a right to consider this prior testimony, U. S. ex rel. Ng Kee Wong v. Corsi, 2 Cir., 65 F.2d 564; Tang Tun v. Edsell, 223 U.S. 673, 32 S.Ct. 359, 56 L.Ed. 606; and with it in the case the credibility

of the alleged father was seriously affected. The very fact that the testimony was casual tended rather to enhance its value than otherwise. There was thus presented a square question of fact which the Board alone was competent to determine. This question it has determined adversely to the contention of the applicant, and, after a careful reading of the entire record, I have been unable to find anything to indicate any essential unfairness in the proceedings. U. S. ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590; U. S. ex rel. Vajtauer v. Com'r, 273 U.S. 103, 47 S.Ct. 302, 71 L. Ed. 560; U. S. ex rel. Gong Sik Ho v. Corsi, 2 Cir., 62 F.2d 785.

The writ of habeas corpus is dismissed and the relator remanded.