### BUFALINO v. IRVINE, Sheriff, et al.

### No. 1816.

Circuit Court of Appeals, Tenth Circuit.

May 4, 1939.

T. W. Bell, of Leavenworth, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., of Topeka, Kan. (Homer Davis, Asst. U. S. Atty., of Topeka, Kan., on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

Joe Bufalino, hereinafter called petitioner, was arrested in deportation proceedings. The warrant of arrest recited that he was an alien; that he was in the United States in violation of the immigration laws; and that subsequent to May 1, 1917, he had been sentenced to imprisonment more than once for a term of one year or more for the commission subsequent to entry of crimes involving moral turpitude, namely, larceny, and possession and passing of counterfeit obligations of the United States. A warrant of deportation subsequently issued under which petitioner is being detained. He instituted this proceeding in habeas corpus. The court denied the petition for the writ. The appeal is from that order.

There is no conflict in respect to the substantive facts. The father of petitioner was born in Italy. He came to the United States and became a naturalized citizen. His certificate of naturalization issued on October 22, 1925. Petitioner was born in Italy on October 12, 1904; he came to the United States in 1920 and has been here ever since; he married here; his child was born here; he served in the National Guard; and he voted from time to time. But he was never naturalized. In 1931 he

was convicted in the municipal court of Cook County, Illinois, of the crime of larceny and was sentenced to serve a term of one year in the county jail, and to pay a fine of $200. In 1936 he pleaded guilty in the United States court for Southern Illinois, to an indictment containing seven counts, charging possession and passing of counterfeit obligations of the United States, and was sentenced to serve a term of three years in a federal penitentiary. He was serving that sentence at the time of the issuance of the warrant in the deportation proceedings.

■ Petitioner relies upon the naturalized citizenship of his father to confer citizenship on him. Section 5 of the Act of March 2, 1907, 34 Stat. 1228, 1229, 8 U.S.C.A. § 8, provides that a child born outside the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of the parent where such naturalization takes place during the minority of the child. The statute was amended by the Act of May 24, 1934, 48 Stat. 797, by adding a provision that the citizenship of such minor child shall commence five years after the time he begins to reside permanently in the United States, but the amendment is·without effect here. Petitioner reached the age of twenty-one years ten days before his father was naturalized. He was not a minor at the time his father became naturalized. It therefore is plain that he did not become a naturalized citizen in virtue of the citizenship of his father; and it is not contended that he ever applied for or obtained naturalization ·through any other means. He is an alien, not a citizen of the United States.

■ It is provided by section 19 of the Act of February 5, 1917, 39 Stat. 874, 889, 8 U.S.C.A. § 155, that except as therein provided, any alien thereafter sentenced more than once to imprisonment for a term of one year or more upon conviction in this country of any crime involving moral turpitude, committed at any time after entry, shall be taken into custody and deported, upon the warrant of the Secretary of Labor. Petitioner comes within this statute and is subject to deportation under its provisions.

■■ The contention is advanced that petitioner should be discharged from custody for the reason that he was not accorded a fair hearing in the deportation proceedings. It is well settled that the United States has plenary power to provide that aliens shall be deported upon terms and conditions of its own choice; but deportation without a fair hearing or on charges not supported by any evidence constitutes the denial of due process which may be prevented by habeas corpus. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 47 S.Ct. 302, 71 L. Ed. 560; Nicoli v. Briggs, 10 Cir., 83 F.2d 375. Two separate hearings were conducted in connection with the deportation proceedings. Petitioner was advised in each instance of the purpose ·of the hearing. With that information, he made a free and voluntary statement on each occasion. He stated the date of his birth, and the time of his arrival in the United States; and he admitted the imposition of the two sentences. Indeed, these facts are not denied.

■ Strict adherence to judicial procedure is not required in a hearing in a deportation proceeding. In order to render such a hearing objectionably unfair, there must be some practice which contributes to a denial of justice, or an essential element of due process must be absent. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221; Hays v. Zahariades, 8 Cir., 90 F.2d 3; Kielema v. Crossman, 5 Cir., 103 F.2d 292. There is nothing in the record which indicates that the hearings were unfair; and the material findings of the administrative tribunal are supported by evidence. Petitioner was not denied due process of law. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590.

The order denying the petition for the writ is affirmed.