### UNITED STATES ex rel. PHILLIPS v. JACKSON.

#### Misc. No. 4583.

District Court, N. D. New York.

Jan. 13, 1947.

---

No appearances.

BRENNAN, District Judge.

The petitioner is presently imprisoned in the Clinton State Prison at Dannemora, New York, as a result of a judgment of conviction in the Court of General Sessions of the County of New York, on November 19, 1941. He seeks a writ of habeas corpus to be relieved from his present detention. The application of the petitioner is denied, but in view of the work involved in the preparation of the petition and petitioner's persistence in seeking relief, the reasons for the denial of the petition will be briefly outlined.

The petitioner, together with a codefendant William Bird, was convicted of robbery in the first degree in the Court of General Sessions of the County of New York after a trial by a court and jury. The petitioner was represented by counsel. The facts as gathered from the petition may be summarized as follows.

On July 31, 1941, the managing personnel of the Hotel Earle were held up and robbed. About 9:30 p. m. on Friday, August 22, 1941, Bird was taken into custody and questioned by New York City police. He was denied the right to communicate with his family or counsel and was arraigned on Monday afternoon, August 25, 1941. During the time he was held by the police Bird confessed his part in the commission of the crime and implicated the petitioner as one of the active participants therein. It does not definitely appear whether the confession consisted of oral statements or was reduced to writing, and in any event only the oral statements are referred to in the petition.

The petitioner and Bird were tried together and during the trial statements made by Bird to the police officers naming and implicating the petitioner in the commission of the crime were received in evidence over the objections of counsel for the petitioner. It is apparent, however, that the trial court ruled that the statements made by Bird were binding only upon him. Both Bird and the petitioner were convicted but Bird did not appeal.

The petitioner appealed from the judgment of conviction and same was affirmed as to him. People v. Phillips, 266 A.D. 830, 43 N.Y.S.2d 269; Id., 292 N.Y. 506, 53 N.E.2d 846. He then sought a writ of certiorari to review the last mentioned decision of the New York State Court of Appeals which was denied by the United States Supreme Court at 322 U.S. 748, 64 S.Ct. 1151, 88 L.Ed. 1580. He applied to the New York State Court of Appeals to reargue the case and also to amend its remittitur. Both applications were denied in 294 N.Y. 963, 63 N.E.2d 189 and 294 N.Y. 975, 63 N.E.2d 710. A re-hearing of the petitioner's application for a writ of certiorari was denied by the United States Supreme Court in 323 U.S. 810, 65 S.Ct. 28, 89 L.Ed. 645. A further application for a writ of certiorari to review the

petitioner's conviction was denied by the United States Supreme Court in 326 U.S. 789, 66 S.Ct. 474, 90 L.Ed. 479. The petitioner then made an application to the United States Supreme Court for a writ of habeas corpus which was denied April 1, 1946.

The legal proceedings mentioned above were apparently the result of petitioner's understanding that the disposition of the case of Malinski v. State of New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029, required that relief be granted to him.

The burden of the present petition is an attempt on the part of the petitioner to show that his case is on all fours with the Malinski case. I think that petitioner has failed to understand the Malinski case, and that as a matter of fact that case is an authority against his contention. The substance of the holding therein is that a conviction based upon a coerced confession is void. But in that case the Supreme Court affirmed the conviction against Rudish who occupied the same position in that case as Phillips occupies here.

The petitioner fails to show that Bird at any time has claimed that his confession was coerced. He fails to state directly that Bird's confession was a product of coercion. He refers in several places in the petition to a "coerced confession" by Bird, but taking the facts of the petition as true, there is no prima facie showing of coercion unless the delay in arraignment of something less than seventy-two hours in itself constitutes coercion, or is a fact from which coercion may be presumed. This subject is discussed by the New York State Court of Appeals in People v. Malinski 292 N.Y. 360, at page 371, 55 N.E.2d 353.

■ Construing the petition in the most favorable light to the petitioner as is required, it resolves itself into a claim that the petitioner has been denied due process of law because there was received in evidence against him the statement of a third person. This at the most is a violation of the hearsay evidence rule. The trial court and the appellate state courts determined that the rule was not violated and that the petitioner was protected in his rights by the limitation imposed by the

trial court upon the receipt of such testimony. Judge Rippey in the New York State Court of Appeals agreed with the petitioner's contention and the petitioner may find evidence of agreement to the same proposition in the dissenting opinions in the Malinski case. It is of no importance that petitioner's contention is made in sincerity. The fact is that petitioner's contention is not the law as expressed in the Malinski case and is not the law in this case as indicated by the decision in the Court of Appeals. United States v. Jackson, 2 Cir., 146 F.2d 251.

■ It hardly needs to be re-stated that the state courts are under the same obligation as are the federal courts to protect the constitutional rights of the litigants therein. The Federal Court may not be used through the medium of a writ of habeas corpus to correct what a petitioner feels is an error of the state court. Habeas corpus may not be used as a substitute for an appeal or to determine the admissibility of evidence. The quotation set out below, taken from the recent case of Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, is applicable here. "It is elementary that habeas corpus may not be used as a writ of error. Tisi v. Tod. 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590; Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3. The function of habeas corpus is exhausted when it is ascertained that the agency under whose order the petitioner is being held had jurisdiction to act. If the writ is to issue, mere error in the proceeding which resulted in the detention is not sufficient. Tisi v. Tod, supra. Deprivation of petitioner of basic and fundamental procedural safeguards, an assertion of power to act beyond the authority granted the agency, and action without evidence to support its order, are familiar examples of the showing which is necessary. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Bridges v. Wixon, 326 U.S. 135, 149, 65 S.Ct. 1443, 89 L.Ed. 2103. But it is not enough to show that the decision was wrong, Tisi v. Tod, supra, or that incompetent evidence was admitted and considered. Vajtauer v. Commissioner, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560. If

it cannot be said that there were procedural irregularities of such a nature or magnitude as to render the hearing unfair, Bridges v. Wixon, supra, 326 U.S. at page 156, 65 S.Ct. 1443, 89 L.Ed. 2103, or that there was no evidence to support the order, Vajtauer v. Commissioner, supra, the inquiry is at an end."

Here the trial court had jurisdiction both of the person and of the offense. Its procedure is not open to a review by a writ of habeas corpus unless a showing is made that the procedure adopted is so corrupt that the trial resulted in a nullity in so far as the petitioner is concerned. He makes no such showing. He does not claim to be the victim of coercion. He fails even to show coercion upon the codefendant Bird which resulted in the confession herein referred to. A procedural error not affecting his constitutional rights is the basis of his complaint. It affords no sufficient basis for the issuance of a writ.

The application is denied.