United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11145
Summary Calendar

AMALI THOMAS OKPOJU,

Petitioner-
Appellant,

versus

TOM RIDGE, SECRETARY of the DEPARTMENT OF
HOMELAND SECURITY, MICHAEL J. GARCIA, Assistant
Secretary for the BICE, ANNE ESTRADA, District
Director for the BICE,

Respondents-
Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-1233-BD
-------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:*

Amali Thomas Okpoju, immigration detainee # A74-699-170, appeals the district court's

judgment dismissing in part and denying in part his application for writ of habeas corpus, which

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sought review of the immigration judge's (IJ) bond determination, his continued post removal detention, and the denial of his asylum application. See 28 U.S.C. § 2241.

Because Okpoju's removal order has become final, the IJ no longer has the authority to determine the amount of his bond and the district court correctly dismissed Okpoju's claims related to his bond determination as moot. See United States ex rel. Spinella v. Savoretti, 201 F.2d 364, 364 (5th Cir. 1953). The district court properly denied Okpoju's claim regarding his continued detention as premature because, at the time of the district court's ruling, Okpoju had not yet been in custody longer than the presumptively reasonable six-month post removal order period. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

Okpoju's challenge to the IJ's credibility determinations and interpretation of the evidence are not of constitutional magnitude so as to warrant habeas relief. See Toscano-Gil v. Trominski, 210 F.3d 470, 473-74 (5th Cir. 2000); United States ex rel. Tisi v. Tod, 264 U.S. 131, 134 (1924).

Okpoju's request that we remand for consideration of his I-130 application is raised for the first time on appeal and we will not consider it. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

The judgment of the district court is AFFIRMED. Okpoju's motion for stay of his removal pending the outcome of his appeal is DENIED as moot.