## UNITED STATES ex rel. ORISI v. MARSHALL, Immigration Inspector.

### No. 4289.

Circuit Court of Appeals, Third Circuit.

Jan. 29, 1931.

Adrian Bonnelly, of Philadelphia, Pa., and John A. Virostek and John Kulamer, both of Pittsburgh, Pa., for appellant.

Louis E. Graham, U. S. Atty., and Zeno Fritz, Asst. U. S. Atty., both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court dismissing a writ of habeas corpus sued out by the relator.

He first came to the United States in 1912 and remained here until 1921, when he returned to Italy, his native country. He came back to the United States on September 18, 1923, and it is alleged, in a short stipulation of facts made by some one for the relator, that he was admitted at New York "as a transient destined to Canada." He went from New York directly to Canada, where he remained for two days. He then returned to the United States and resided here from that time until on or about December 3, 1924, when, being about to visit Italy again, he applied for a permit to re-enter the United States on his return. In this application he stated that he arrived in the United States on September 18, 1923, on the steamship "Giulio Cesare and was legally and permanently admitted at the port of New York." The following words were stamped on the

right margin of the front page of the application: "Legal Entry for Permanent Residence Verified." The words were stamped on the application by some government official apparently having authority so to do in the Bureau of Immigration, and on the basis thereof, together with the sworn statement of the relator, re-entry permit No. 31, 098 was issued to him. He then went to Italy to visit his family. He returned to the United States on September 27, 1925, when he was admitted at New York under the re-entry permit. Since his entry in 1923, he has resided in Aliquippa, Pa.

On May 24, 1929, he was arrested on a warrant of deportation issued by the Secretary of Labor on the charge "that he is now in the United States in violation of law, to wit, the Immigration Act of 1924, in that he was not at the time of entry into the United States in possession of an unexpired immigration visa." After hearing before the Immigration Inspector on February 1, 1929, he was ordered deported.

On appeal to the Secretary's Board of Review, his application was denied, but the board on March 22, 1929, reopened the case and after hearing amended the original warrant to read "that he is now in the United States in violation of the Immigration Act of 1924 in that at the time of the entry, he was a quota immigrant who was not in possession of a quota immigration visa." He was then arrested and ordered deported on the additional ground that he was a quota immigrant without a quota immigration visa.

He sued out a writ of habeas corpus which the District Judge after hearing dismissed, and the relator is here on appeal from that order.

The "Immigration Act" which the relator is charged with violating was approved May 26, 1924 (43 Stat. 153). Consequently, whatever the relator did must have been subsequent to that date. The district judge said: "At the time of the relator's entry into the United States in 1923, he was admitted for the purpose of transit only, and went directly to Canada. He then came back from Canada within two days without an immigration visa. Under section 205, title 8, of the United States Code (8 USCA § 205), he was required to have such visa, which he did not have."

But section 205 of the United States Code is section 5 of the Immigration Act of 1924, and therefore it is inapplicable to the entry of 1923, and so he did not violate the requirements of that law by his entry in 1923

as to immigration visas. Either the entry on September 18, 1923, at New York or the entry from Canada two days later is the ground upon which the opinion is based. The court said: "He came in 1923 without an immigration visa. He was therefore unlawfully in the United States and the Department issued by mistake a permit for him to re-enter, brought about by the false statement of the relator." Under the Immigration Act of 1921 (42 Stat. 5), which was in force until the act of 1924, an immigration visa was unknown and so arrest and deportation cannot be predicated upon the relator's failure to have in 1923 an immigration visa which was then not in existence. All that was required after that act until the act of 1924 was to be personally fit and come within the quota of his nationality. There is no hint that the relator was not personally fit or that he did not come within the quota. Accordingly, the arrest, order of deportation, and dismissal of the writ of habeas corpus were based upon an untenable ground.

When the relator entered on September 27, 1925, he was admitted on a re-entry permit issued after the Department had verified his entry for permanent residence in 1923. The relator swore that he entered for permanent residence at that time, and this affidavit, together with the verification made by the Department, doubtless from records in its possession, are contained in the stipulation and stand as admitted facts.

If these were all the facts, we would be inclined to reverse the order appealed from, but the record contains the following stipulated facts: "On September 28, 1923, he was admitted into New York as a transient destined to Canada. He remained in Canada two days and returned to the United States. * * * When he came into the United States from Canada, after having been in Canada two days, he said he was going to Aliquippa, Pa., for the purpose of visiting relatives." That he entered the United States from Canada for the purpose of visiting relatives stands uncontradicted. He was admitted as a temporary visitor only. This entry constitutes the real difficulty which the relator has to overcome. The burden of proof was on him to show that he entered the United States from Canada lawfully, regardless of the possible legality of his entry from Italy into New York two days before. Immigration Act 1924, § 23 (8 USCA § 221). If when he entered the United States from Canada as a visitor he really intended to remain permanently, his entry was fraudulent

and unlawful. This entry from Canada was his last entry before he applied for a re-entry permit, December 3, 1924. His application is silent as to this entry. He did not mention it and concealed it which must have been by design. The time he was allowed to remain here as a temporary visitor had long since expired when he made his application, for a re-entry permit. He was then an alien in the United States unlawfully and so not entitled to a re-entry permit which he was able to secure only by concealing his entry from Canada. When he received the permit, however, it at best was only prima facie evidence of his status. United States ex rel. Lesto v. Day (C. C. A.) 21 F.(2d) 307; Johnson v. Keating (C. C. A.) 17 F.(2d) 50. When it was shown that he was admitted from Canada as a temporary visitor and had overstayed the time allowed him, the burden shifted to him to show that he was in the United States lawfully and was entitled to a re-entry permit. The record does not contain any evidence tending to bear this burden. He is still in the United States unlawfully.

It may be that the orders of deportation and dismissal of the writ of habeas corpus were based on the wrong ground, but the result reached was right, and the order appealed from is affirmed.