UNITED STATES ex rel. TAVILLA v. KARNUTH, District Director of Immigration.

No. 1124.

District Court, W. D. New York.

June 5, 1933.

Leland G. Davis, of Buffalo, N. Y., for relator.

Richard H. Templeton, U. S. Atty., and Willard R. Chamberlin, Asst. U. S. Atty., both of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

The alien entered this country in 1905. Such entry was legal. In 1906 he returned to Italy and remained there until 1923, when he entered the United States from Mexico in transit to Canada. From Canada he reentered the United States on July 16, 1923. Concededly this last entrance was illegal. In October, 1927, he applied for and obtained a re-entry permit. He thereupon went to Italy and returned to the United States on May 22, 1928. He resided in the United States from the last-mentioned date until March 1, 1933, when he was arrested and charged with being found in the United States in violation of the Immigration Act of 1924 (8 USCA §§ 145, 146, 166, 167, 179, 201 et seq.).

Relator sues out this writ to obtain his release. The first contention of the relator is that he could not be deported in the absence of his departure under the re-entry permit. This may be conceded. After the relator remained here continuously for five years subsequent to 1923, he was not subject to deportation under the provisions of the Immigration Act of 1917 (39 Stat. 874), which required apprehension within five years from the date of the date of the alleged illegal entrance. The Immigration Act of 1924 was not retroactive, and hence, as stated, continuous residence for upwards of five years following 1923 had given this alien a legal right to remain in this country. However, he acquired no right to return if he subsequently departed. United States ex rel. Williams v. Karnuth (D. C.) 2 F. Supp. 316.

Counsel for relator in his brief refers to the re-entry permit as assuring the alien admission to the United States. The statute under which re-entry permits are issued provides otherwise. Section 210 (f) of the Alien Immigration Law, Title 8 USCA gives such a permit no effect except to show that the alien to whom it was issued is returning from a temporary visit abroad. Numerous cases holding that a re-entry permit confers no right of re-entry upon an alien are cited in United States ex rel. Spina v. Karnuth (D. C.) 3 F. Supp. 774, decided herewith. Section 210 (b) provides that a permit may issue where it is found that the alien has been legally admitted to the United States and that the application is made in good faith. Since the alien's entry in 1923 was unlawful, the re-entry permit should not have been issued and cannot give him the status of a nonquota immigrant.

The relator contends that the warrant of deportation cannot be sustained unless fraud in obtaining the permit is established. I do not think this is a correct statement of the law, nor do I think the cases cited in behalf of the relator sustain this contention. In United States ex rel. Lesto v. Day (C. C. A.) 21 F.(2d) 307, the court sustained a warrant of deportation under somewhat similar circumstances, finding it unnecessary to pass upon the question of whether or not the re-entry permit was fraudulently procured. In the present case, although the concealment may not have been intentional on the part of the alien, there was a concealment of facts from which it would have appeared that he was then illegally in the country and not entitled to a re-entry permit. Relator quotes from the case of United States ex rel. Iodice v. Wixon (C. C. A.) 56 F.(2d) 824, to show that fraud in obtaining of the permit must be shown. The facts there are different from those before this court, and I have no doubt that, had the court found there that the alien's original entry was unlawful, the writ would have been dismissed as it was in United States ex rel. Lesto v. Day, supra. Neither United States ex rel. Orisi v. Marshall (C. C. A.) 46 F.(2d) 853, nor Ex parte Di Stephano (D. C.) 25 F.(2d) 902, contains any finding of intentional fraud, but in both cases deportation warrants were sustained.

The relator claims that the warrant of deportation is not based upon a record sufficient to justify deportation. While the application and the permit were not received as a part of the record upon the hearing, the testimony of the relator shows facts such as above stated, and no claim was or has been made in conflict with this testimony. While the application and permit might properly have been included as a part of the record, their absence is not material, in view of the testimony given by the alien.

I therefore conclude that relator made an erroneous statement as to the time when he last entered the country prior to the application for the permit. This was a material statement. His right to obtain the writ was dependent upon his being a lawful resident of the country. Concededly he was not when this application was made. He cannot be permitted to be benefited by either his erroneous or fraudulent statement. The permit was granted as a matter of favor, and imposed no obligation upon the United States. The relator was given a fair hear-

ing, and the evidence supports the charge on which the deportation warrant is based.

Writ dismissed.