**UNITED STATES ex rel. DAMIANO v. ARCHIBALD.**

No. 5196.

District Court, D. Maryland.

Dec. 8, 1933.

R. Palmer Ingram (of Ingram & Brown), of Baltimore, Md., for petitioner.

Simon E. Sobeloff, U. S. Atty., and Joseph L. Carter, Asst. U. S. Atty., both of Baltimore, Md., for respondent.

CHESNUT, District Judge.

This is a habeas corpus proceeding in which the alien, Ciro Damiano, a native and subject of Italy, seeks to avoid deportation under a warrant issued by the Assistant Secretary of Labor. The warrant was issued after hearing granted the alien at which he was represented by counsel, and after a review of the case by the departmental Board of Review. The conclusion to deport the alien is based on the finding that he last entered the United States on the 22d day of February, 1927, and "has been found in the United States in violation of the Immigration Act of 1924 in that, at the time of entry, he was a quota immigrant and was not in possession of an unexpired quota immigration visa."

The scope of the hearing by this court in such a case is summarized in Tassari v. Schmucker (C. C. A. 4) 53 F.(2d) 570, 571, as follows:

"The only questions for our consideration are whether the record shows the alien did have a fair hearing; whether the determination of fact by the Department is supported by substantial evidence; and whether the law was correctly applied by the Department of Labor. United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U. S. 103, 47 S. Ct. 302, 71 L. Ed. 560; Zakonaite v. Wolf, 226 U. S. 272, 33 S. Ct. 31, 57 L. Ed. 218; Lewis v. Frick, 233 U. S. 291, 300, 34 S. Ct. 488, 58 L. Ed. 967; United States ex rel. Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221; Mason v. Tillinghast, 27 F.(2d) 580 (C. C. A. 1st)."

In the instant case there is no question raised by petitioner's counsel as to the fairness of the hearing afforded by the Department; and the facts are not in dispute. Therefore the only question presented for consideration is "whether the law was correctly applied by the Department of Labor."

The admitted facts are as follows: Damiano first entered the United States at Boston, Mass., in 1922, as a stowaway, thus escaping inspection. The entry was admittedly unlawful. He remained in this country until 1924 when he returned to Italy. He was evidently aware that his first entry was illegal because at his hearing he said: "Since I was aware of the fact that I was a stowaway at first I went to Italy for the purpose of coming back legally." Desiring to return to the United

States, he obtained a visa upon his passport from the American Consul at Naples, as a returning resident under section 2 (d) of the Quota Act of May 19, 1921 (42 Stat. 6), which excepted from the quota restrictions then in force "aliens returning from a temporary visit abroad * * * if otherwise admissible." With the aid of this consular visa he succeeded in obtaining entry into the United States at the port of New York on May 13, 1924, at which time, the record of his entry shows that he stated he had been in the United States previously from 1918 to 1924, although he denies making the statement. In 1926 he applied for and received a re-entry permit under section 10 of the Immigration Act of 1924 (8 USCA § 210), based upon his admission May 13, 1924, at New York; and with this re-entry permit he returned to Italy and re-entered the United States on February 22, 1927, at which time he stated, according to the record, that he had been in the United States from 1924 to 1926. He was then admitted as a permanent resident. The pending deportation proceedings against him were initiated by the Commissioner of Immigration for the Baltimore District on February 13, 1933, after report based on investigation including an interrogation of the alien. It is not denied that he was in fact subject to the quota restrictions on his entry in 1924 and should not have been then admitted, and was permitted to enter apparently because the inspector was not fully advised of his real status; and the same is true regarding the 1927 entry unless the re-entry permit changed the situation.

The petitioner contends that the applicable immigration la— was misapplied by the Department in that he is not subject to deportation under the Act of 1924 because he secured a valid entry into the United States on May 13, 1924, prior to the effective date of the Immigration Act of 1924, which was July 1, 1924 (8 USCA §§ 145, 146, 166, 167, 179, 201 et seq.); and he further contends that his status as an alien must be determined by the provisions of section 19 of the Immigration Act of February 5, 1917 (39 Stat. 874, 8 USCA § 155) which provides a time limitation of five years after irregular or unlawful entry for purposes of deportation. And it is admitted by the Assistant United States Attorney appearing for the respondent, the Department of Labor, that the alien is not subject to deportation unless the case is covered by section 14 of the Act of 1924 (8 USCA § 214) which provides:

"Any alien who at any time after entering the United States is found to have been *at*

*the time of entry* not entitled under this subchapter to enter the United States, or to have remained therein for a longer time than permitted under this subchapter or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 155 and 156 of this title." (Italics supplied.)

The question of law thus presented, as concretely applied to this case, is, whether this alien's "entry" for purposes of deportation is to be taken as his entry in 1924 or his entry in 1927. It is not disputed by petitioner's counsel that if the entry of 1924 had occurred after the effective date of the Act, July 1st, the petitioner may be now deported under the facts stated. His contention, however, is that the alien's entry in 1927 must be disregarded for the purposes of this case because it was based on a re-entry permit issued under section 10 (a) of the Act of 1924 (8 USCA 210 (a) which provides:

"Any alien about to depart temporarily from the United States may make application to the Commissioner General for a permit to reenter the United States, stating the length of his intended absence, and the reasons therefor."

The effect of such a permit is stated in 210 (f) as follows:

"A permit issued under this section shall have no effect under the immigration laws, except to show that the alien to whom it is issued is returning from a temporary visit abroad; but nothing in this section shall be construed as making such permit the exclusive means of establishing that the alien is so returning."

As a result of a study of the decided cases I reach the conclusion that the petitioner's entry of 1927 subjects him to the Act of 1924 which has no time limitation on deportation where the alien is found to have entered without being entitled to do so under the Act, despite the re-entry permit above referred to. It is clear, and indeed is not disputed, that the original entry in 1922 was unlawful. Under the Act of 1917, c. 29, § 3 (*l*) (8 USCA 136 (*l*) alien "stowaways" (with exceptions not material here) were excluded. Therefore the petitioner was not entitled to obtain from the American Consul at Naples a visa purporting to classify him as a non-quota immigrant for his return to the United States from Italy in 1924. And he should not, and doubtless would not, have been admitted to the United States on May 13, 1924, if the facts had been known to the immigration officials. Likewise he was not entitled to the

re-entry permit obtained in 1927. It is true the record of his hearing does not expressly show that he made affirmative false representations to the Consul, or to the Department in obtaining the re-entry permit, but it is clearly inferable that the important fact with regard to his original unlawful entry was not disclosed by him to the respective officials. In addition it appears from the record that he made an affirmative false answer on the occasion of his entry in 1924, although he disputes the record. The necessary result is that, never having been entitled to be lawfully admitted to the United States, he is now subject to deportation unless protected by the limitation of five years in the Act of 1917 (8 USCA § 155). In my opinion he is not entitled to the benefit of that section under the facts of this case because he voluntarily left the United States in 1926 and his present status is to be determined by his re-entry in 1927. It is clear, and indeed it is not disputed, if the 1924 entry had been after July 1, 1924, the alien would be subject now to deportation. Philippides v. Day, 283 U. S. 48, 51 S. Ct. 358, 75 L. Ed. 833; United States v. Vanbiervliet, 284 U. S. 590, 52 S. Ct. 132, 76 L. Ed. 509. And his departure after July 1, 1924, subjects him to the later Act (United States ex rel. Stapf v. Corsi, 287 U. S. 129, 53 S. Ct. 40, 77 L. Ed. 215) unless the re-entry permit changes the result.

 Petitioner's counsel contends that it does, although conceding that there seems to be no authority directly in support of his contention under the facts of the case, maintaining likewise that there is no adverse authority directly in point. But in my opinion the re-entry permit does not have the effect contended for. (8 USCA § 210 (f). It is said for the petitioner that there is no evidence of affirmative fraud on his part in obtaining the re-entry permit; but it was not necessary to show actual fraud if it does affirmatively appear that the alien was not entitled under the facts to have obtained it. United States ex rel. Tavilla v. Karnuth (D. C. W. D. N. Y.) 3 F. Supp. 776, 777, is almost an exact parallel on the facts to the instant case, and it was there held that the alien was properly deportable. It was there said, after reviewing prior cases on the particular subject:

"The relator contends that the warrant of deportation cannot be sustained unless fraud in obtaining the permit is established. I do not think this is a correct statement of the law, nor do I think the cases cited in behalf of the relator sustain this contention."

See United States ex rel. Lesto v. Day (C.

C. A. 2) 21 F.(2d) 307; United States ex rel. Orisi v. Marshall (C. C. A.) 46 F.(2d) 853; Ex parte Di Stephano (D. C.) 25 F.(2d) 902; United States ex rel. Spina v. Karnuth (D. C. W. D. N. Y.) 3 F. Supp. 774; United ed States ex rel. Lamp v. Corsi, 61 F.(2d) 964 (C. C. A. 2).

It is true that this alien has been in the United States, with two short absences, for more than ten years and it may be argued that his deportation imposes a hardship (although the facts as to his domestic situation brought out at the hearing may be thought to indicate the contrary), but in administering the immigration law it must not be forgotten by the courts, as was said by the Supreme Court in Lapina v. Williams, 232 U. S. 78, 80, 34 S. Ct. 196, 198, 58 L. Ed. 515:

"The authority of Congress over the general subject-matter is plenary; it may exclude aliens altogether, or prescribe the terms and conditions upon which they may come into or remain in this country. * * * The question, therefore, is not the power of Congress, but its intent and purpose as expressed in legislation."

And as was also said in Karnuth v. United States, 279 U. S. 231, 243, 49 S. Ct. 274, 278, 73 L. Ed. 677:

"The various acts of Congress since 1916 evince a progressive policy of restricting immigration."

For these reasons, I feel obliged to dismiss the application for the writ of habeas corpus.