**UNITED STATES ex rel. POPPOVICH v. KARNUTH, District Director of Immigration and Naturalization et al.**

District Court, W. D. New York.
Dec. 22, 1938.

Milo I. Tomanovich, of Rochester, N. Y., for relator.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Goodman A. Sarachan, of Rochester, N. Y., of counsel), for respondents.

BURKE, District Judge.

The relator, a native of Jugo-Slavia, first came to this country in 1909. He returned to Serbia in 1914 and served in the Serbian Army until 1920. Upon his discharge from the Serbian Army he attempted to get a Jugo-Slav passport to the United States but was unsuccessful. Thereupon, he went to Greece where he secured a Greek passport and went to Buenos Aires, Argentina, in 1921, where he remained about a year and a half. He came to the United States on a Greek passport viséed by the American Counsel in

Buenos Aires, arriving at San Francisco September 4, 1923, was admitted for permanent residence and charged to the Greek quota. In October, 1927, he made application for a re-entry permit in which he stated he was born in Serbia, which application was granted. He went to Jugo-Slavia and returned to the United States on June 11, 1928 and was re-admitted as a non-quota immigrant upon presentation of the re-entry permit. He has resided here continuously since that time. In November, 1937, he again applied for a re-entry permit, which was issued but before delivery he was examined and thereafter, on January 14, 1938, a warrant of arrest was issued charging him with a violation of the Immigration Act. A hearing was held on March 1, 1938. Pursuant thereto a warrant of deportation was issued April 11, 1938, upon the ground that at the time of entry relator was a quota immigrant who was not in possession of an unexpired quota immigration visé and that he is found to have been at the time of entry not entitled under the Immigration Act of 1924, 8 U.S.C.A. §§ 145, 146, 166, 167, 179, 201 et seq. to enter the United States because the re-entry permit which he presented was not valid because procured by fraud or misrepresentation.

Relator argues that the re-entry permit on the strength of which he was admitted in 1928 was not procured by fraud or misrepresentation and, therefore, since the basis of the order of deportation embraces the alleged fraudulent procuring of the re-entry permit as a necessary element, that deportation must fail. Whether the withholding from the authorities to whom application for the re-entry permit was made in 1927, the information that the applicant had been admitted in 1923 on a Greek passport as a native of Greece and charged to the Greek quota, constituted fraud or misrepresentation, need not be decided for the purpose of this application. The order of deportation was based upon two distinct grounds, (1) that he was a quota immigrant who was not in possession of an unexpired quota immigration visé and (2) that he is found to have been, at the time of entry, not entitled under the Act to enter the United States for the reason that the re-entry permit which he presented was not valid because procured by fraud or misrepresentation. The first is not dependent upon the second but may stand alone as a sufficient ground for deportation.

If the relator was in the country illegally because of his entry in 1923 on a Greek passport, the re-entry permit which secured his admission in 1928 did not change his status whether procured by fraud or not. At best, it was but prima facie evidence of his right to re-enter. U. S. ex rel. Lesto v. Day, 2 Cir., 21 F.2d 307, 309; U. S. ex rel. Orisi v. Marshall, 3 Cir., 46 F.2d 853, 855. U. S. ex rel. Iodice v. Wixon, 2 Cir., 56 F.2d 824, is not to the contrary. In that case there was no evidence that the alien was in the country illegally when the re-entry permit was granted. The re-entry permit was entitled to face value until such time as facts establishing its invalidity came to light. Its validity depended upon a prior legal entry. Section 210(b), Title 8, U.S.C.A.

Relator's entry in 1923 was illegal because it was in violation of the Quota Act of 1921 (42 Stat. 5). The operation of this act was extended by Congress to June 20, 1924 (42 Stat. 540). Although a native of Jugo-Slavia he was admitted under the Greek quota. He was excludable under the Quota Act. U. S. ex rel. Filippini v. Day, D.C., 18 F.2d 781. His claim that he was entitled to admission as a non-quota immigrant without an immigration visé in 1928, rests upon the false assumption that he was previously lawfully admitted. But unless he was previously lawfully admitted, he was not entitled to be admitted in 1928. 8 U.S.C.A. § 213. If not entitled to be admitted, he was deportable. 8 U.S.C.A. § 214.

The statute of limitations is not a bar. The order of deportation is based upon the Immigration Act of 1924. 8 U.S.C.A. § 214. There is no statute of limitations barring deportation for illegal entry under this act. U. S. ex rel. Fink v. Reimer, 2 Cir., 96 F.2d 217. His status must be determined by the 1928 entry. U. S. ex rel. Damiano v. Archibald, D.C., 5 F.Supp. 297, affirmed 4 Cir., 71 F.2d 1021; U. S. ex rel. Williams v. Karnuth, D.C., 2 F.Supp. 316.

The writ should be dismissed.