**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4118
_____

KHALID MAHMOOD,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-699-461)
Immigration Judge:  Honorable Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2013

Before: SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: April 18, 2013 )
_____

OPINION
_____

PER CURIAM

        Khalid Mahmood, a native of Pakistan and a citizen of Canada, entered the United

States as a visitor on November 14, 2011, authorized to stay until December 1, 2011.  On

December 14, 2011, the Government charged Mahmood as removable for having

remained in the country for longer than permitted, under 8 U.S.C. § 1227(a)(1)(B), and

for being inadmissible at the time of entry, under 8 U.S.C. § 1227(a)(1)(A) (on the grounds that he did not possess a valid entry document). An Immigration Judge ("IJ") initially administratively closed the case for insufficient service of the notice to appear, but Mahmood was later served in person after he was taken into custody by Immigration and Customs Enforcement on June 22, 2012.

At a hearing before a different IJ, Mahmood conceded that he was not a United States citizen (he stated that he was a citizen of Canada and Pakistan) and that he had been admitted as a visitor to stay only until December 1, 2011. R.79. Mahmood contended, however, that he was a legal permanent resident with a job and a family in the United States. R. 79-80. The Government countered that he never had any permanent residence and had been removed previously for overstaying a visa. R. 80-81. (The Government submitted the earlier notice to appear and the decisions in Mahmood's earlier case. R. 50-64.) Mahmood did not contest the fact of his prior removal. R. 82. The IJ ordered Mahmood removed, concluding that he had overstayed his visitor's visa and was without lawful status.

Mahmood appealed to the Board of Immigration Appeals ("BIA"), claiming, among other things, that he was a returning permanent resident with a green card. The BIA dismissed the appeal. The BIA noted that Mahmood had submitted no evidence to show that he was a lawful permanent resident or otherwise authorized to remain in the United States. The BIA also rejected his claims of due process violations.

Mahmood presents a petition for review. He also has filed two motions. In his

2

motion to correct or modify the record, which the Government opposes, he argues that forms in the administrative record conflict with each other and that either a form or the record fails to mention his application for permission to reapply for admission to the United States after removal. He also submits a "motion to grant access/locate my bags in my property," in which he seeks help in obtaining his property purportedly lost when he was taken into custody by Immigration and Customs Enforcement agents.

We have jurisdiction over Mahmood's petition pursuant to 8 U.S.C. § 1252(a)(1). We consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n.2 (3d Cir. 2001). We review factual findings for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).

Upon review, we will deny the petition for review. Mahmood does not identify an error in the agency's decision. The IJ and BIA considered Mahmood's concessions and the evidence before them, which support the conclusion that Mahmood has overstayed his visitor's visa and has no lawful status in the United States. Despite his concessions regarding alienage and his admission as a visitor, Mahmood also made protestations of permanent residency. However, he offered no proof that he was a permanent resident or otherwise authorized to remain in the United States. See 8 U.S.C. § 1361 (providing that the burden of proof to show time, place, and manner of entry into the United States shifts to the alien once alienage is established); cf. United States ex rel. Orisi v. Marshall, 46 F.2d 853, 855 (3d Cir. 1931) ("When it was shown that he was admitted from Canada as a temporary visitor and had overstayed the time allowed him, the burden shifted to him to

3

show that he was in the United States lawfully and was entitled to a re-entry permit.").

Mahmood seeks to have us consider evidence which he did not present to the BIA (purportedly because he was unaware that he needed to present it). However, we are charged by statute to decide a petition for review on a closed record, and we generally do not take judicial notice of materials not in the record on a petition for review in removal cases. See Nbaye v. Attorney Gen. of the United States, 665 F.3d 57, 59-60 (3d Cir. 2011) (citing 8 U.S.C. § 1252(b)(4)(A) and providing an example of an exception, inapplicable here, to the general rule).

For these reasons, we will deny the petition for review.[1] We also deny Mahmood's motion to correct or modify the record and his "motion to grant access/locate my bags in my property."

---

[1] We do not consider any due process arguments that Mahmood presented to the BIA because he waived them by not raising them in his brief. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).