### UNITED STATES v. INTERNATIONAL FREIGHTING CORPORATION, Inc.

District Court, S. D. New York.

May 26, 1937.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Delbert M. Tibbetts, of New York City, of counsel), for defendant.

CLANCY, District Judge.

The government moves to strike out part of an answer, consisting of an affirmative defense, in an action brought to recover the amount of a fine imposed on the defendant by the Secretary of Labor under the provision of section 20 (a–c) of the 1924 Immigration Act (8 U.S.C.A. § 167). That section (subdivision (a) reads in part as follows: "The owner, charterer, agent, consignee, or master of any vessel arriving in the United States from any place outside thereof who fails to detain on board any alien seaman employed on such vessel until the immigration officer in charge at the port of arrival has inspected such seaman (which inspection in all cases shall include a personal physical examination by the medical examiners), or who fails to detain such seaman on board after such inspection or to deport such seaman if required by such immigration officer or the Secretary of Labor to do so, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each alien seaman in respect of whom such failure occurs."

The record of the proceedings taken by the Secretary of Labor, which is annexed to the complaint, shows that upon the arrival at New York of the steamship Chryssi on December 11, 1935, an order to detain upon board the vessel an alien seaman, named Constantinos Theophilis, was served upon the master of the vessel, upon

the United Freighting Corporation, Inc., the relation of which to the vessel does not appear, and also upon the defendant corporation, as agent. The alien seaman was not on board when the vessel sailed and a notice of liability for fine was attempted to be served upon the defendant which refused to acknowledge receipt of the same, alleging that it was not agent for the vessel at the time of the seaman's escape. This notice by its terms informed the defendant that it would have sixty days in which to show cause why the fine should not be imposed. The defendant failed to submit any evidence to the Department or to file a protest to the fine and a fine of $1,000 was imposed.

The affirmative defense set up by the defendant in this action alleges that at the time of the arrival of the steamship Chryssi at New York she was under a voyage charter, the defendant acting only as agent for the charterer, the management and discharge of the crew being entirely under the control of the owner. The defendant further alleges that the discharge of the cargo was completed on December 19th, that the vessel was chartered to other interests on December 20th, and upon information and belief that the alien seaman remained on board the Chryssi until on or about December 24, 1935.

The government contends that the imposition of the fine under the statute is an administrative act and subject to review by this court only for arbitrary action or clear abuse of discretion on the part of the Secretary of Labor and that the case must be considered by this court solely on the record before the Secretary of Labor. It, therefore, moves to strike out the affirmative defense, since it claims that the defendant is thereby seeking to obtain a trial de novo of matters determined by the Secretary of Labor. The position of the defendant is that the fine was not imposed on one of the persons designated in the act as being responsible for the detention of the alien seaman, and that consequently the Secretary of Labor was without jurisdiction to impose the fine. It is conceded that if the agency of the defendant is jurisdictional in the sense that it is a requisite to the valid exercise by the Secretary of Labor of the authority conferred by the act, this court will try the issue de novo. The question to be determined, therefore, is whether the fact of the defendant's agency is a jurisdictional prerequisite to the action of the Secretary of Labor in imposing the fine.

■ Upon a judicial review of administrative orders and decisions, a court may receive new evidence to determine whether the administrative official or body acted within the scope of the statutory authority conferred. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. In that case, involving the constitutionality of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.), the Supreme Court held that questions of fact relating to either of the two fundamental and jurisdictional conditions of the act, viz., the occurrence of an injury upon the navigable waters of the United States and the existence of the relation of master and servant, may be determined de novo by the courts and that the court is not confined to the record before the Commissioner. The opinion cites other instances where the propriety of a challenge by judicial proceedings of the determinations of fact deemed to be jurisdictional, as underlying the authority of executive officers, has been recognized: The issue of enlistment before courts martial determinable de novo upon habeas corpus, In re Grimley, 137 U.S. 147, 155, 11 S.Ct. 54, 34 L.Ed. 636; the issue whether lands are public property considered by the courts though questions of fact are for the consideration and judgment of the Land Department and its decision of such questions is conclusive, St. Louis Smelting Co. v. Kemp, 104 U.S. 636, 26 L.Ed. 875; the question whether a publication is a "book" or "periodical" reviewed upon evidence received in a suit brought to restrain the Postmaster General from acting beyond his authority in excluding the publication from carriage as second class mail matter, Smith v. Hitchcock, 226 U.S. 53, 33 S.Ct. 6, 57 L.Ed. 119; the issue of alienage in deportation proceedings in which case persons claiming to be citizens "are entitled to a judicial determination of their claims" upon a writ of habeas corpus, Ng Fung Ho v. White, 259 U.S. 276, 42 S.Ct. 492, 66 L. Ed. 938; United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221.

In United States ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590, which was an appeal from an order dismissing a writ of habeas corpus, an alien was ordered deported for knowingly having in his possession for the purpose of

distribution printed matter which advocated the overthrow of the Government of the United States. The opinion pointed out that "such knowledge is not, like alienage, a jurisdictional fact," and held that the administrative finding that the alien knowingly possessed the printed matter was binding on the courts if there was some evidence to support it. Noble v. Union River Logging R. Co., 147 U.S. 165, 13 S.Ct. 271, 37 L.Ed. 123, is another case which I believe should have great weight in the decision of this motion. In that action the question arose as to the effect to be given to a decision of the Secretary of the Interior approving the granting to a railroad of a right of way over public lands under an act of Congress (43 U.S.C.A. § 934 et seq.). It was urged by the defendants that the existence of a railroad, with the duties and liabilities of a common carrier, was a jurisdictional fact, without which the Secretary had no power to act and that his approval had been obtained by means of the fraudulent representations of the plaintiff as to the character of the plaintiff's railroad. The court refused to permit this collateral attack on the finding of the Secretary of the Interior and held that if the lands over which the right of way was granted were public lands subject to the operation of the statute, the question whether the plaintiff was entitled to the benefit of the grant was one which it was competent for the Secretary of the Interior to decide, and his decision was conclusive and could only be assailed by direct proceedings for its correction or annulment if the Secretary was fraudulently imposed upon. The court pointed out the distinction between facts which are jurisdictional and those which are quasi jurisdictional and that the latter class of facts are necessary to be alleged and proved in order to set the machinery of the law in motion, but that, when properly alleged and established to the satisfaction of the court, they cannot be attacked collaterally. The Secretary of the Interior's finding that the plaintiff operated a common carrier was deemed by the Supreme Court to be a fact of the latter class.

■ It is my opinion that the alienage of the seaman constituted the jurisdictional fact which gave power to the Secretary of Labor to proceed under section 20 of the Immigration Act of 1924, and that his finding that the defendant committed the violation is to be accorded the same finality as his finding that the seaman had not been detained pursuant to the immigration officer's direction.

In view of this disposition of the motion, it will be unnecessary to rule on the contention of the United States Attorney that the facts set up affirmatively in the answer do not constitute a sufficient defense to the cause of action, even assuming that the defendant could prove that its principal's charter of the vessel terminated before the seaman's escape.

Motion granted.