**UNITED STATES v. ARNOLD BERN-STEIN S. S. LINE.**

District Court, S. D. New York.

Oct. 20, 1941.

Mathias F. Correa, U. S. Atty., Southern District of New York, of New York City (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

On February 19, 1938, the Secretary of Labor imposed a fine on the defendant in the sum of $1,000 for its failure to detain an alien seaman on board the S. S. Eberstein, pursuant to Section 20(a) of the Immigration Act of 1924, Title 8 U.S.C.A. § 167(a), until he had been inspected by the Immigration authorities. The entire matter was reconsidered by the Board of Review on March 10, 1938. The Board adhered to its original decision and subsequently this ruling was followed by the Secretary of Labor.

This action is brought to recover the fine imposed. On consent of the parties, a jury of one was impaneled and it was stipulated that the court direct a verdict.

The facts are the following: The S.S. Eberstein arrived in the Port of New York on July 24, 1937. Mallman, an alien, who was a member of the crew, was not on board ship when the immigration inspectors boarded the boat for the required inspec-

tion. He was, however, seen by the chief officer shortly before the arrival of the inspectors. The fact is that Mallman jumped overboard before the vessel arrived at her dock, and was seen swimming in the waters of New York Harbor in the direction of the shore. Evidently after this became known, it was too late to overtake the alien. Mallman, not having been presented at Ellis Island for inspection, notice of intention to impose a fine was served, which resulted in the imposition of the fine which is the subject of this action.

The first clause of Section 20(a), 8 U. S.C.A. § 167(a), which applies to the instant case, requires the owner, charterer, agent, consignee or master of any vessel arriving in the United States from any place outside thereof to detain on board any alien seaman employed on such vessel until the immigration officers in charge at the port of arrival has inspected such seaman. A failure to comply with these provisions entails a fine of $1,000 for each seaman not so detained.

■ The defendant contends that it is implied in the language of the statute, that the alien must be on the vessel at the time she arrives and that the person charged must have failed to detain. It is my opinion that this argument is untenable. To accept this construction of the statute would, it seems, nullify the express purpose of the act, i. e., to prevent the unlawful entry of aliens posing as seamen and jumping ship upon arrival in this country. In United States v. J. H. Winchester & Co., Inc., 2 Cir., 40 F.2d 472, 473, the court, in speaking of the Congressional history of Section 20 of the Immigration Act of 1924, said: " * * * and that section 20 was intended to provide more effective means to combat this evil [unlawful entry of aliens]. Its provisions are much more stringent than those of the earlier act * * *".

■ It is clear that with respect to the escape of a seaman before inspection by the immigration authorities, Congress has imposed an absolute obligation on each of those named in the statute to detain as to prevent an escape by any of the crew. (Winchester case, supra. Note—the dissenting opinion agrees with the majority of the court on this point.)

[4] The statute imposes a liability not only on the master and owner who usually control a vessel and its crew, but also upon the agent, charterer and consignee who are compelled to take the necessary steps to produce all alien seamen for inspection. Again, in the Winchester case, Judge Swan pointed out that if they (owner, agent, charterer and consignee) rely on the master's precautions and these prove to be inadequate, each one must suffer the penalty imposed by the statute.

■ The first affirmative defense pleaded by the defendant asserts that it is a special and not a general agent and hence it does not come within the purview of the statute. The defendant's brief does not discuss this point, so I may take it that the theory advanced in this defense has been abandoned by the defendant. In any event, the court is bound by the record before the Immigration authorities on this question of agency and it should not be relitigated. At bar, the record shows that the defendant submitted its protest to the Board of Review as agent of the vessel; that there was no issue raised as to any limitation of its agency. Accordingly, this issue (agency) is no longer before the court. See United States v. International Freighting Corporation, D.C., 20 F.Supp. 357. The first defense is striken as insufficient in law.

■ The second affirmative defense raises the question of the constitutionality of Sections 19 and 20 of the Immigration Act of 1924, 8 U.S.C.A. §§ 166, 167. I find no merit in this contention. The statute is clear and unambiguous. It may be argued that it works a hardship upon agents and shipowners whose contact with the vessel and its crew may at times be remote. But that does not render a statute unconstitutional. This is a matter for Congress rather than for the courts. A long line of cases have held different sections of the Immigration Act constitutional. The Chinese Exclusion case (Chae Chan Ping v. United States), 130 U.S. 581, 9 S.Ct. 623, 32 L.Ed. 1068; Head Money Cases (Edye v. Robertson), 112 U.S. 580, 5 S.Ct. 247, 28 L.Ed. 798; Oceanic Steam Navigation Co. Ltd., v. Stranahan, 214 U.S. 320, 29 S.Ct. 671, 53 L.Ed. 1013; United States v. New York & Cuba Mail S. S. Co. 269 U.S. 304, 46 S.Ct. 114, 70 L. Ed. 281; Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532; The Manuel Arnus, 2 Cir., 75 F.2d 943. I hold Sections 19 and 20 to be within the proper exercise of Con-

gressional power and accordingly the second affirmative defense is stricken.

On the established facts, I am impelled to direct a verdict for the plaintiff. Judgment to be entered accordingly.