Philip **BARRESE**

v.

John P. **RYAN**, District Director, Immigration and Naturalization Service, Hartford, Connecticut.

Civ. No. 8497.

United States District Court
D. Connecticut.

Nov. 3, 1960.

Stewart J. Stowell, East Hartford, Conn., for plaintiff.

Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn., for defendant.

TIMBERS, District Judge.

Plaintiff sues to enjoin defendant from deporting him to Italy. He seeks a judgment setting aside the deportation order entered against him and granting him a new hearing. Pending the final determination of this suit, plaintiff also seeks, pursuant to the Administrative Procedure Act § 10, 5 U.S.C.A. § 1009, a temporary injunction enjoining defendant from deporting or removing him from the United States and enjoining defendant from removing him from the jurisdiction of this Court.

This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 2201 and 5 U.S.C.A. § 1009.

Plaintiff, age 63, was born in Italy and is a national of that country. He came to the United States in 1916 and claims that he has resided in this Country for the past 44 years. Defendant challenges the continuity of plaintiff's residence in this Country.

*Grounds of Deportation*

Pursuant to Section 241(a) of the Immigration and Naturalization Act (8 U.S.C.A. § 1251(a)), a deportation order was entered against plaintiff ordering that he be deported on three separate statutory grounds: (1) that he was not in possession of a visa at the time of his last entry into the United States; (2) that he willfully failed to furnish periodic address reports to the United States Government; and (3) that after entry into the United States he was convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, to wit, two offenses of having willfully failed to pay the occupational tax on the business of a retail liquor dealer, with intent to defraud the United States of such tax.

*Plaintiff's Attack Upon Deportation Order*

Plaintiff claims that the deportation order entered against him is contrary to law and constitutes a denial of his rights under the Constitution and statutes of the United States. Specifically plaintiff claims:

(a) At the deportation hearing before a special inquiry officer, plaintiff's counsel left the hearing and plaintiff was not allowed a continuance to secure other counsel.

(b) Plaintiff's appeal to the Board of Immigration Appeals from the order of the special inquiry officer directing that

plaintiff be deported, was conducted from a federal prison without benefit of counsel or personal attendance by plaintiff.

(c) The finding of deportability on the ground that plaintiff was not in possession of a visa at the time of his last entry into the United States is contrary to the evidence in that plaintiff was a returning resident.

(d) The finding of deportability on the ground that plaintiff failed to furnish periodic address reports is contrary to the evidence in that it fails to establish willfullness.

(e) The finding of deportability on the ground that plaintiff was convicted of two crimes involving moral turpitude after entry into the United States is contrary to the evidence in that the two convictions arose out of a single scheme of criminal misconduct.

*Plaintiff's Claim That He Was Not Represented By Counsel Throughout Deportation Hearing Before Special Inquiry Officer*

Turning first to plaintiff's claim that he was not represented by counsel throughout the deportation hearing before the special inquiry officer, the Court holds that plaintiff acquiesced in his counsel's withdrawal from the hearing and effectively waived his right to be represented by counsel during the balance of the hearing.

The transcript of the hearing before the special inquiry officer shows the following colloquy between plaintiff (referred to as respondent), his counsel and the special inquiry officer:

"By Counsel: I made arrangements to be here for this hearing today. I have to be in New York for court tomorrow. It is physically impossible for me to stay any longer.

"Counsel To Respondent: I am telling you I can't stay.

"By Special Inquiry Officer: Let the record show that counsel turned to the respondent and said he couldn't stay any longer. Let the record show that the respondent's attorney is conferring with his client.

"By Counsel: For the record, let it be indicated that Mr. Barrese said it is all right to go on without me.

"Special Inquiry Officer To Respondent: Q. Mr. Barrese, is that all right? A. Yes."

Plaintiff at no time asked for a continuance because of the absence of his counsel nor did he request an opportunity to obtain new counsel.

Plaintiff relies on Handlovits v. Adcock, D.C.E.D.Mich.1948, 80 F.Supp. 425, in support of his claim that the waiver of his right to counsel was ineffective. Handlovits is distinguishable from the instant case on the ground that there, as the court emphasized, the evidence showed that petitioner did not understand what she was doing when she waived her right to counsel. In the instant case, on the contrary, the Court is satisfied that the record establishes that plaintiff did understand what he was doing when he stated, after conferring with his counsel, that it was all right to proceed with the hearing in the absence of his counsel.

*Plaintiff's Claim That He Was Not Represented By Counsel On Appeal Before Board Of Immigration Appeals*

Turning next to plaintiff's claim that he was not represented by counsel on his appeal before the Board of Immigration Appeals, the Court holds that plaintiff was deprived of his privilege of being represented before the Board by counsel of his choosing and that he did not waive that privilege.

The decision of the special inquiry officer ordering plaintiff deported was filed February 3, 1960. A copy of this decision was sent February 4, 1960 to plaintiff at the United States Penitentiary in Lewisburg, Pennsylvania; but was returned to the Immigration and Naturalization Service on February 17, 1960 with the notation stamped on the envelope that addressee (plaintiff) was "Not at this address." Another copy of the decision was sent at the same time to plaintiff's attorney who had withdrawn from the hearing before the special in-

quiry officer; but this attorney did not notify plaintiff that he had received a copy of the decision, nor did he inform plaintiff of the time within which an appeal might be filed. Through no fault of plaintiff, he first received notice of the decision of the special inquiry officer on February 20, 1960, five days after the expiration of the time within which to file an appeal to the Board of Immigration Appeals. Plaintiff nevertheless was permitted to file his appeal, from the Federal Correctional Institution at Danbury, Connecticut, to which he had been transferred.

Plaintiff's request for a continuance of the hearing to enable him to obtain counsel was denied. Word of such denial of his request for a continuance reached plaintiff March 27, 1960, three days before the hearing was scheduled before the Board. The appeal was heard March 30, 1960 without plaintiff being present or being represented by counsel.

Plaintiff clearly stated to the Immigration and Naturalization Service, as well as to the Board of Immigration Appeals, that he wished to be represented by counsel on the appeal before the Board of Immigration Appeals; that he was making arrangements to retain counsel for that purpose; and that, because of difficulties of communication by reason of his confinement in the Federal Correctional Institution at Danbury, he needed an extension of time to enable him to retain counsel. Subsequently, but too late to represent him before the Board of Immigration Appeals, plaintiff did succeed in retaining competent counsel who did represent him in the instant proceedings before this Court. Under these circumstances, it is clear to the Court that plaintiff was deprived of his privilege of being represented by counsel of his choosing on the appeal before the Board of Immigration Appeals and that plaintiff did not waive his privilege of being represented by counsel before that Board.

Plaintiff's privilege of being represented by counsel in deportation proceedings before a special inquiry officer and in appeal proceedings before the Attorney General, is conferred by 8 U.S.C.A. § 1362:

"In any exclusion or deportation proceedings before a special inquiry officer and in any appeal proceedings before the Attorney General from any such exclusion or deportation proceedings, the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose."

The Board of Immigration Appeals is the representative of the Attorney General in appeals from deportation proceedings before a special inquiry officer. 8 C.F.R. 6.1(a).

■ Although deportation technically is not a criminal punishment (Mahler v. Eby, 1924, 264 U.S. 32, 39, 44 S.Ct. 283, 68 L.Ed. 549), it may visit as great a hardship as the deprivation of the right to pursue a vocation or a calling. Bridges v. Wixon, 1945, 326 U.S. 135, 147, 65 S.Ct. 1443, 89 L.Ed. 2103. In the words of Mr. Justice Brandeis, deportation may result in the loss "of all that makes life worth living". Ng Fung Ho v. White, 1922, 259 U.S. 276, 284, 42 S. Ct. 492, 495, 66 L.Ed. 938. Thus, "Meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness." Bridges v. Wixon, supra, 326 U.S. at page 154, 65 S.Ct. at page 1452.

Plaintiff in the instant case has been a resident of the United States for the better part of half a century. To deport him without according him the privilege of being represented by counsel of his own choosing on his appeal before the Board of Immigration Appeals, would violate the clear command of Congress.

Judgment may enter (i) remanding the case back to the Board of Immigration Appeals with directions to accord to plaintiff the privilege of being represented by counsel of his choosing throughout proceedings on appeal before that Board; and (ii) pending the hearing and deter-

mination of plaintiff's appeal by the Board in conformity with this decision, enjoining defendant from deporting or removing plaintiff from the United States and enjoining defendant from removing plaintiff from the jurisdiction of this Court except to the extent that plaintiff's removal from the jurisdiction of this Court may be necessary or appropriate in pursuance of his appeal before the Board of Immigration Appeals.

In view of this disposition of the case, the Court does not reach the other claims relied upon by plaintiff in attacking the deportation order, i. e. claims (c), (d) and (e) set forth above. It would be inappropriate for this Court to rule upon those claims until the Board of Immigration Appeals has had an opportunity to hear and determine plaintiff's appeal in proceedings in which he is represented by counsel of his choosing.